## TURNER v. CALIFORNIA INS. CO.

Court of Appeals of Kentucky.
Jan. 23, 1953.

W. S. Heidenberg and Dodd & Dodd, Louisville, Allen P. Dodd, Jr., Louisville, for appellant.

Ogden, Galphin & Abell, Louisville, T. M. Galphin, Jr., Louisville, for appellee.

STEWART, Justice.

This appeal challenges the propriety of an order of the lower court in sustaining a demurrer of The California Insurance Company, defendant below and appellee here, to the petition of appellant. By its opinion the trial court held that a one-year contractual period of limitation fixed in an insurance contract was effective as a bar to appellant's cause of action brought after that time.

The material allegations of the petition are that on March 26, 1949, appellee issued to one Inman Turner a policy covering the latter's residence for $6000 and his household goods for $1500 against fire loss during the period from April 1, 1949, through April 1, 1950. The insured property was destroyed by fire under the following circumstances:

On August 8, 1949, a police officer of the City of Campbellsville, armed with a warrant for Turner's arrest and also with a warrant to search his premises for illegal intoxicants, went to Turner's home. Turner, when confronted by the officer and informed of the latter's intentions, refused to submit to the arrest or to the search of his premises, and immediately began to fire a deadly weapon at the police officer and also at the city attorney of Campbellsville, who had accompanied the officer on the mission. Police of the city, county and state were promptly summoned to the assistance of the arresting officer and for a period of several hours a gun battle ensued, with Turner utilizing his home as a fortress during the fight. After the dwelling had been fired upon for several hours, Turner received wounds from which he died on August 9, 1949, and, as a result of the discharging of many bullets and tear gas bombs into the insured house, it caught fire and burned on the same day, the household goods going up in flames with the building.

On September 8, 1949, the United States levied a jeopardy assessment against the real estate on which the insured house had been located for unpaid federal income taxes owed by Turner at the time of his decease. The policy sued on was seized at the same time by the Collector of Internal Revenue. On October 18, 1949, appellant, Mary C. Turner, qualified as administratrix of the estate of Inman Turner. The tax claim of the deceased to the United States was settled on or about September 15, 1950, and the policy of insurance was turned over to appellant shortly thereafter. Upon receipt of the policy appellant had her counsel communicate with appellee and request payment of the losses incurred by the fire. On November 3, 1950, appellee denied liability with the result that this action was precipitated.

Appellee opposes recovery for the following reasons: First, the fire was caused because of Turner's resisting arrest and but for his act in this respect the fire would never have occurred; second, no proof of loss was filed within sixty days after the fire, as required by the policy, and none was ever filed; and third, this action was not commenced within twelve months next after the inception of the loss, which the policy provides must be done.

We have concluded appellee's third contention must be upheld; therefore, we shall not consider the first two grounds urged on its behalf.

The relevant provision of the policy reads as follows: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all requirements of this policy shall have been complied with, and unless

commenced within twelve months next after the inception of the loss."

Appellant concedes that the above quoted clause of the policy is generally valid and enforceable but maintains that the period from September 8, 1949, to September 15, 1950, must be excluded from the 12-month period by reason of the jeopardy assessment levied by the United States. The fire occurred on August 9, 1949, and this action was not commenced until December 11, 1950, and appellant's theory, if it be sound, would have permitted the bringing of an action at any time prior to August 15, 1951, more than two years after the occurrence of the fire. This contention is based upon the provisions of KRS 413.260(1), which read as follows: "If the doing of an act necessary to save any right or benefit is restrained or suspended by injunction or other lawful restraint, vacancy in office, absence of an officer or his refusal to act, the time covered by the injunction, restraint, vacancy, absence or refusal to act shall not be counted in the application of any statute of limitations. * * *"

The language of the section relied upon by appellant expressly confines its application to the operation of a general statute of limitations, but we are instead concerned with a contractual limitation provided for by the terms of the agreement upon which appellant's claim is founded. In Prewitt v. Supreme Council of Royal Arcanum, 302 Ky. 301, 194 S.W.2d 633, 635, we held: "It is now the well settled law in this state that parties, dealing at arm's length, may contract for a limitation shorter than that provided by statute, so long as the period provided for is a reasonable one." 29 Am. Jur., Insurance, § 1400, p. 1046, has this to say as regards the applicability to a policy provision such as the one in this case of a general statute of limitations extending the time for suit: "In nearly all jurisdictions, the rule is that the provisions of a general statute of limitations extending the time of the running thereof, or fixing the time when an action shall be deemed to be commenced, do not apply to a limitation period prescribed in a policy of insurance."

In Riddlesbarger v. Hartford Fire Insurance Co., 7 Wall. 386, 74 U.S. 386, 19 L.Ed. 257, a much-cited opinion on the proposition under consideration, the insured brought suit on a fire insurance policy which contained the same limitation provision as in the policy involved in this case. An action was instituted within the 12-months' period after a fire but a non-suit was taken by the plaintiff. Thereafter, a second suit was filed after the 12-months' period had expired, plaintiff asserting that by virtue of a Missouri Statute he had the right to bring the last action within one year after the date of the non-suit. The case finally reached the Supreme Court of the United States, and that Court, in rejecting the contention that the statute of limitations extended the time for bringing a suit beyond that provided by the terms of the policy, said: " * * * The contract of insurance is a voluntary one, and the insurers have a right to designate the terms upon which they will be responsible for losses. And it is not an unreasonable term that in case of a controversy upon a loss resort shall be had by the assured to the proper tribunal, whilst the transaction is recent, and the proofs respecting it are accessible. * * * The action mentioned, which must be commenced within the twelve months, is the one which is prosecuted to judgment. The failure of a previous action from any cause cannot alter the case. The contract declares that an action shall not be sustained, unless such action, not some previous action, shall be commenced within the period designated. It makes no provision for any exception in the event of the failure of an action commenced, and the court cannot insert one without changing the contract."

The question under consideration is not an open one in this state. The case of Smith v. Herd, 110 Ky. 56, 60 S.W. 841, 1121, 22 Ky.Law.Rep. 1596, expressly applied the rule set forth in the Riddlesbarger case, and held where the suit was filed beyond the time fixed in the policy that the provisions of a general statute of limitations extending the time of the running thereof, or fixing the time when an action shall be deemed to be commenced, do not apply to a limitation period prescribed in the policy.

Appellant relies upon two Kentucky cases, namely, Reed's Adm'r v. Illinois C.

484

Ry. Co., 182 Ky. 455, 206 S.W. 794, and Maryland Casualty Co. v. Vidigoj, 207 Ky. 841, 845, 270 S.W. 472, but in neither of these cases was a contractual limitation involved. Several cases are also cited in appellant's brief from other jurisdictions in which statutes were construed that are not comparable to the one involved here. Obviously these cases are distinguishable from the one at bar.

The demurrer was properly sustained.

Wherefore, the judgment is affirmed.