**Roger D. CURRY, Plaintiff–Appellant (89–5259), Plaintiff (89–5398),**

**United States of America, Intervening Plaintiff–Appellant (89–5398),**

v.

**VANGUARD INSURANCE COMPANY, Defendant–Appellee.**

**Nos. 89–5259, 89–5398.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 12, 1990.

Decided Jan. 22, 1991.

Bart Adams, Paula Ann Bierley (argued), Louisville, Ky., for plaintiff-appellant, plaintiff.

Bernard D. Leachman, Jr. (argued), Louisville, Ky., for defendant-appellee.

Joseph M. Whittle, U.S. Atty., Suzanne M. Warner, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Louisville, Ky., for intervening plaintiff-appellant.

Before JONES and RYAN, Circuit Judges, and WISEMAN, Chief District Judge.*

RYAN, Circuit Judge.

Plaintiff Roger Dale Curry and intervening plaintiff United States appeal an adverse summary judgment with respect to a claim against defendant Vanguard Insurance Company for insurance proceeds. The only issue on appeal is whether pursuant to Ky.Rev.Stat.Ann. § 413.310 (Bald-

---

* The Honorable Thomas A. Wiseman, Jr., Chief Judge of the United States District Court for the Middle District of Tennessee, sitting by designation.

win 1979), Curry's incarceration tolled the running of a one-year limitations period created by an insurance contract. We conclude that it did not.

## I.

Plaintiff Curry pleaded guilty to federal drug trafficking charges. He had used his house in Kentucky to further the drug trafficking activities, and the government seized the house under proper warrant. In an agreement with the government, Curry acknowledged that the house was under government control "pending completion of forfeiture proceedings under 21 U.S.C. § 881(a)(7)." The government allowed Curry to remain in the house until forfeiture and/or the beginning of his incarceration, and Curry in turn agreed to maintain insurance on the property and fulfill other obligations.

On October 3, 1986, a fire severely damaged the house and its contents. The government took Curry into custody the next day, and he remains incarcerated. Curry in fact had continued to maintain insurance on the house and its contents with Vanguard Insurance Company. On October 4, 1986, his sister informed Vanguard of the loss. Vanguard suspected arson and advised the Currys that it had turned the matter over to its legal department. However, when Curry's brother attempted to tender an inventory of destroyed personal property to the legal department, the legal department indicated that it would deal only with Roger Dale Curry, then incarcerated. Five months after the fire, the government initiated its forfeiture action with respect to the real property.

In January 1988, Curry brought an action against Vanguard in Kentucky state court to recover proceeds for the fire loss. Claiming it was entitled to the insurance proceeds from the real property, the government intervened in the action and had it removed to the federal district court. There the action was consolidated with the government's forfeiture action. The government prevailed on the forfeiture action in June 1988.

All parties moved for summary judgment with respect to the insurance claim. Vanguard moved for summary judgment against Curry and the government on various grounds, including a clause in the insurance contract requiring the insured to bring any action on the insurance policy within one year of the date of loss. The clause reads:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

The district court granted summary judgment for Vanguard on the grounds that Curry's action, filed fifteen months after the loss, was time-barred by the policy provision. Curry appeals the adverse summary judgment and asks this court to enter summary judgment in his favor. The government appeals for the limited purpose of protecting its derivative interest in the insurance proceeds.

## II.

Summary judgment is appropriate where no genuine issue of material fact exists so that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court determines whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Of course, "inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)). The movant meets its initial burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v.*

*Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). At that point, the non-movant "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(c); *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

Ky.Rev.Stat. § 413.310, a tolling provision, provides: "The time of the confinement of the plaintiff in the penitentiary shall not be counted as part of the period limited for the commencement of an action." Curry argues that this tolling provision applies to private limitations periods created by insurance contracts as well as to legislatively mandated statutes of limitations. If this proposition were valid, Curry might prevail because he has been more or less continuously incarcerated since the day after the fire loss. Thus, in this diversity action, our task as a federal court is to infer whether if faced with the question, the Kentucky Supreme Court would hold that section 413.310 applies to a nonlegislative limitations period created by an insurance contract. *See Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78–80, 58 S.Ct. 817, 822–23, 82 L.Ed. 1188 (1938).

Curry attempts to bolster his argument that the tolling provision applies by pointing to a separate provision of the insurance policy. Under this provision, "The terms of [the] policy which are in conflict with the statutes of the state wherein this policy is issued are amended to conform to such statutes." Curry believes this provision makes section 413.310 controlling here, but as a matter of logic, section 413.310 is not "in conflict with" the insurance policy provision unless section 413.310 does in fact *apply to* a private, contractually based limitations period created by an insurance agreement.

In *Webb,* the Court of Appeals of Kentucky addressed the issue of "whether the provision in [an insurance] policy containing the one-year limitation on the commencement of actions is in conflict with the general [fifteen-year] statute of limitations on actions on written contracts...." *Webb v. Kentucky Farm Bureau Ins. Co.,* 577 S.W.2d 17 (Ky.App.1978). The insurance

policy had provided that terms "in conflict" with statutes were amended to conform with such statutes. *Id.* at 18. The court of appeals found that there was no conflict between the statute and the contractual provision. *Id.* The fifteen-year statute of limitations simply does not *apply to* a case where parties have contractually limited a shorter period for the commencement of an action. Similarly, section 413.310 does not necessarily apply to toll the running of a limitations period created by an insurance contract where the insurance contract itself allows for no tolling contingencies.

In evaluating Curry's contentions, we are mindful of the Kentucky legislature's policy favoring the relatively short limitation periods typically contained in insurance contracts. *See Webb,* 577 S.W.2d at 18. Kentucky courts as well have consistently viewed any reasonable shortening of the period for commencing an action under an insurance policy as being in the public interest. *See id.* at 19. As a judicious counterweight to these policies, the Kentucky legislature has provided explicitly that no insurance contract provision may limit the time for commencing action against the insurer to less than one year. Ky.Rev.Stat. Ann. § 304.14–370 (Baldwin 1987). Had the legislature intended to statutorily mandate that certain conditions, such as imprisonment, toll the running of an insurance-contract limitations period, it is likely that the legislature would have provided explicitly for that counterweight as well.

When it was Kentucky's highest court, the Kentucky Court of Appeals addressed the effect of a tolling statute in the context of an insurance policy. *Turner v. California Ins. Co.,* 254 S.W.2d 481, 482–83 (Ky. 1953). The *Turner* insurance policy contained a provision that any action must be commenced within twelve months of the date of loss. *Id.* at 482. A tolling statute, which applied to the facts of Turner's situation, read:

> If the doing of an act necessary to save any right or benefit is restrained or suspended by injunction or other lawful restraint, vacancy in office, absence of an officer or his refusal to act, the time

covered by the injunction, restraint, vacancy, absence or refusal to act shall not be counted in the application of any statute of limitations.

*Id.* at 483. The court held that this language "expressly confines its application to the operation of a general statute of limitations...." *Id.* at 483. Accordingly, the court held that the statute did not serve to toll the running of the contractually based statute of limitations. *Id.*

Curry seeks to distinguish *Turner* on the basis that the statute at issue in *Turner* used the phrase "statute of limitations," a phrase clearly referencing legislatively created limitations periods, while section 413.-310 uses an arguably more generic term "period limited for the commencement of an action." However, our examination of the Kentucky Revised Statutes reveals that the Kentucky legislature often uses alternatives to the phrase "statute of limitations" to refer to legislatively imposed limitations periods. Ky.Rev.Stat.Ann. § 413.320 (Baldwin 1979), for example, uses the phrase "period of limitation" to refer to a legislatively prescribed limitations period:

**413.320 Cause of action barred here if barred where it accrued**

When a cause of action has arisen in another state or country, and by the laws of this state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the *period of limitation prescribed by the laws of this state* for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period.

(Emphasis added.) In other cases, a legislatively prescribed statute of limitation is referred to merely as a "limitation" or as a "time of limitation," both of which terms occur in Ky.Rev.Stat.Ann. § 413.240 (Baldwin 1979):

**413.240 Action against surety; when limitation does not run**

The *limitations given in KRS 413.220 and KRS 413.230* shall not apply to the time elapsed when there was no executor, administrator or other person authorized to commence an action, nor to the six months during which an action cannot be brought against a personal representative, nor to any delay assented to by the surety in writing. If judgment is rendered for the plaintiff in any case provided for in those sections and is afterwards reversed or arrested so that the plaintiff gains nothing by it, he may commence another action within one year thereafter. If the surety absconds, conceals himself or by removal from the state or otherwise, obstructs or hinders his being sued the time of such obstruction shall not be counted as part of the *time of limitation allowed by those sections.* If the judgment is obstructed on appeal, supersedeas or injunction the time of such obstruction shall also be disallowed.

(Emphasis added.) Additionally, there is nothing in the organization of Chapter 413 of the Kentucky Revised Statutes to set sections 413.240 and 413.320, clearly referencing only *legislatively mandated* limitation periods, apart from section 413.310.

Thus, in our view, Curry's attempt to distinguish his situation from the *Turner* case would not be convincing to the Supreme Court of Kentucky. No Kentucky statute or case conclusively dictates the outcome in Curry's situation. However, in light of *Turner* and of Kentucky's policy favoring limitations of actions under insurance policies, we believe that the Kentucky Supreme Court would conclude that section 413.310 does not operate to toll a limitations period created by an insurance contract. We therefore hold that Curry's action against Vanguard was barred by the one-year limitations period created by the insurance contract.[1]

### III.

For the foregoing reasons, the district court's grant of summary judgment for

---

**1.** Of course, we do not address the issue of whether statutory tolling provisions apply to

contractually created limitations periods other than periods created by insurance contracts.

Vanguard Insurance Company is AF-FIRMED.