74 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES POSTAL SERVICE, Plaintiff-Appellee,
v.
M.T. KLASS; Mitch Klass; Dynaquest Corporation, doing
business as the Association of Certified
Liquidators and A.C.L., Defendants-Appellants.
 No. 94-3830.
 United States Court of Appeals, Sixth Circuit.
 Jan. 18, 1996.
 
 1
 Before: MARTIN and JONES, Circuit Judges, and COHN, District Judge.*
 
 
 2
 Defendants appeal summary judgment for the United States Postal Service in this action seeking detention of mail pursuant to 39 U.S.C. Sec. 3007.
 
 I.
 
 3
 Dynaquest is in the business of buying and selling "distressed" or "excess" merchandise. Dynaquest recruited participants for its Association of Certified Liquidators (A.C.L.) through a direct mail solicitation campaign. The program solicited "locators" who would earn money by finding and selling distressed merchandise. The mailing stated that locators would earn substantial income in the liquidation business and featured testimonials of A.C.L. locators who had achieved financial success in the program. Prospective locators signed up for the program, paid a fee, and received an instructional notebook and cassette tapes. Locators who wished to communicate with the company by phone instead of mail, receive more than rudimentary instructional materials, or become a full member of the A.C.L. organization were required to pay additional fees. Dynaquest did not disclose these additional fees in its initial solicitation.
 
 
 4
 In 1990, the Postal Service identified eleven alleged false representations in Dynaquest's "Liquidate Your Way to a Fortune" mail order program and commenced an administrative action against Dynaquest and its officers, M.T. and Mitch Klass, pursuant to 39 U.S.C. Sec. 3005. At the same time, the Postal Service filed an action in the District Court for the Southern District of Ohio seeking a preliminary injunction directing the detention of Dynaquest's mail pursuant to 39 U.S.C. Sec. 3007, pending the resolution of the administrative proceedings.
 
 
 5
 At an informal hearing on the injunction, the parties negotiated the terms of an "Agreed Order" to provide the framework for detention of Dynaquest's mail. The parties signed the Agreed Order and filed it with the district court. Under the Agreed Order, the Postal Service would return orders and payments for the liquidation program with a "bounce-back" letter explaining that Dynaquest was the subject of a Postal Service investigation for misrepresentations in its mail advertising campaign. Pursuant to the Agreed Order, customers could still purchase Dynaquest products after receiving the bounce-back letter. The payments received for these orders were placed into escrow accounts pending the resolution of the administrative action.
 
 
 6
 Following an administrative hearing and appeals to both the district court and the Court of Appeals for the District of Columbia, Dynaquest's direct mail scheme was found to be in violation of 39 U.S.C. Sec. 3005(a). The Court of Appeals upheld the District Court's finding that Dynaquest had included three materially false representations in their promotional materials. Dynaquest Corp. v. United States Postal Service, 12 F.3d 1144, 1149 (D.C.Cir.1994). Dynaquest has not taken any action to appeal the ruling of the D.C.Circuit.
 
 
 7
 Upon the termination of the administrative proceedings, Dynaquest petitioned the District Court for the Southern District of Ohio for disbursement of the funds in the escrow accounts. Both Dynaquest and the Postal Service moved the court for summary judgment and an award of the escrowed funds in their favor. The district court granted summary judgment to the Postal Service. Dynaquest appeals.
 
 II.
 
 8
 We review a district court's grant of summary judgment de novo. Russo v. City of Cincinnati, 953 F.2d 1036, 1041-42 (6th Cir.1992); Curry v. Vanguard Ins. Co., 923 F.2d 484, 485 (6th Cir.1991)). Summary judgment is appropriate when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 III.
 
 9
 Dynaquest assigns as error the district court's failure to determine whether the bounce-back letters purged the solicitations of any misrepresentations, thus removing them from the scope of the section 3005 administrative proceeding. We agree with the district court's conclusion that it did not have authority to make such a determination and that it was bound to dispose of the funds in accordance with the final ruling in the administrative proceeding.
 
 
 10
 Sections 3005 and 3007 provide the framework for seeking relief against individuals engaged in mail fraud. Section 3005 gives the Postal Service the authority to return any mail to its sender if it finds upon satisfactory evidence that the mail is in response to a fraudulent solicitation. During the investigation and hearing period, however, the Postal Service has no independent authority to interfere with the mails of a suspected individual or company. The Postal Service does have some recourse through a judicial proceeding. Through section 3007, the Postal Service may petition a district court for a temporary restraining order and preliminary injunction granting it authority to hold the mails of a suspected party in preparation for or during the pendency of proceedings under section 3005. A district court presiding over a section 3007 injunction has no authority to intervene in the administrative section 3005 proceeding. Section 3007 specifies that the district court issuing the injunction has no authority to "determine any fact at issue in the statutory proceeding."
 
 
 11
 Under this statutory framework, the District Court for the Southern District of Ohio was precluded from making factual determinations as to whether the statements in the advertisement or the bounce-back solicitation violated the misrepresentation statute. The court simply does not have that authority. See United States Postal Svc. v. Notestine, 857 F.2d 989, 993 (5th Cir.1988). Such determinations fall exclusively within the province of the Postal Service. The proper recourse for Dynaquest would have been to amend its pleadings in the administrative proceeding for a determination of whether the bounce-back letter cured any prior misrepresentations.
 
 
 12
 Furthermore, forwarding the money to Dynaquest would violate the intent of the parties when they entered into the agreement. Statements from the injunction hearing indicate the parties' understanding that Dynaquest would not receive the funds unless it prevailed on all of the claims of misrepresentation. See J.A. at 71. The record clearly demonstrates Dynaquest's expectation that it would not receive the escrowed funds unless it prevailed. We agree with the district court's determination that a finding of at least one false misrepresentation makes the Postal Service the prevailing party. See J.A. at 305-06.
 
 IV.
 
 13
 Dynaquest has impermissibly sought to litigate facts that were part of the section 3005 administrative action in its claim for funds held in a section 3007 injunctive proceeding. Neither the district court nor this court has the authority to hear these issues. Accordingly, the district court's grant of summary judgment awarding the escrowed funds to the United States Postal Service is AFFIRMED.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation