81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AGI REALTY SERVICE GROUP, INC., Plaintiff-Appellant,
v.
RED ROBIN INTERNATIONAL, INC., Defendant-Appellee.
 No. 94-3911.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1996.
 
 Before: JONES and BOGGS, Circuit Judges; and COFFMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff appeals the district court's grant of summary judgment in this diversity breach of contract action arising from the termination of a franchise development agreement. We affirm.
 
 I.
 
 2
 In November 1992 Plaintiff-Appellant AGI Realty Services Group, Inc. entered into an agreement with Defendant-Appellee Red Robin International, Inc. for the rights to develop five Red Robin Burger and Spirit Emporiums. AGI was granted the right to develop the restaurants in Ohio upon completion of certain prerequisites and subject to certain terms and conditions.
 
 
 3
 By the terms of the agreement, Red Robin was entitled to terminate the contract in the event certain conditions occurred. The relevant clauses, addressed in Article 8 of the agreement, provide:
 
 
 4
 8.1 Red Robin shall have the right to terminate this agreement immediately upon written notice to the Developer stating the reason for such termination, and without providing the Developer any right or opportunity to cure, in the event:
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 (c) Red Robin discovers that the Developer made a material misrepresentation or omitted a material fact in the information which was furnished to Red Robin in connection with its decision to enter into this Agreement; or
 
 
 8
 (d) the Developer, or any principal shareholder of the Developer, is convicted of a felony, a crime involving moral turpitude, or any other crime or offense that is reasonably likely, in the good faith judgment of Red Robin, to adversely affect the System, the Propriety Marks, the goodwill associated therewith, or Red Robin's interest therein.
 
 
 9
 J.A. at 358-59.
 
 
 10
 Carol Cassese is the sole shareholder of AGI. Her husband, Patrick Cassese, was the primary negotiator of the Red Robin deal and was authorized to bind AGI to agreements regarding franchise rights, construction, site locations, and financing. Mr. Cassese has never been a shareholder, director, or officer of AGI; however, due to representations Mr. Cassese made to Red Robin officials, Red Robin believed Mr. Cassese was a principal shareholder of AGI.
 
 
 11
 During the course of the negotiations, Mr. Cassese wrote numerous letters to Red Robin on AGI letterhead. On several of these letters he identified himself either as a principal, president, or chairman of AGI. See J.A. at 127-31. In addition, AGI represented Mr. Cassese as a principal of AGI on a Personal Financial Statement submitted to Red Robin. J.A. at 123. On November 1, 1992, both Mr. and Mrs. Cassese signed and entered into the franchise agreement on behalf of AGI. See J.A. at 99. Mr. Cassese signed a guarantee clause as one of the "partners or principal shareholders." J.A. at 99.[1]
 
 
 12
 Four years prior to the execution of the franchise agreement, Patrick Cassese pleaded no contest to the fourth degree felony offense of possession of cocaine. At no time during the negotiations did any Red Robin representative ask whether Cassese had ever been convicted of a felony; nor did Mr. Cassese ever disclose his prior felony conviction. After learning of Mr. Cassese's prior conviction through an anonymous letter, Red Robin terminated the agreement on February 9, 1993 "due to Red Robin's recent discovery that Developer [AGI] omitted a material fact in the information which was furnished to Red Robin in connection with its decision to enter into the Development Agreement and that a principal shareholder of Developer has been convicted of a felony."
 
 
 13
 AGI sued Red Robin for breach of contract in the Cuyahoga County Court of Common Pleas on November 2, 1993. Red Robin removed the action to the United States District Court for the Northern District of Ohio on diversity grounds. The district court entered summary judgment in favor of Red Robin. AGI timely appealed.
 
 II.
 
 14
 "We review a district court's grant of summary judgment de novo ... [I]n a motion for summary judgment, 'credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.... The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.' " Russo v. Cincinnati, 953 F.2d 1036, 1041-42 (6th Cir.1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and citing Vollrath v. Georgia-Pacific Corp., 899 F.2d 533, 534 (6th Cir.), cert. denied, 490 U.S. 940 (1990); Curry v. Vanguard Ins. Co., 923 F.2d 484, 485 (6th Cir.1991)). Summary judgment is appropriate when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 15
 As we are exercising diversity jurisdiction, we will apply the substantive law of Ohio. See Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). This agreement contains a forum selection clause specifying that the agreement is to be construed under the laws of California. Ohio law looks favorably on forum selection clauses, see, e.g., Jarvis v. Ashland Oil, Inc. 478 N.E.2d 786, 789 (Ohio 1985); therefore, we will interpret the terms of the contract according to California law.
 
 III.
 
 16
 Red Robin alleges that AGI misrepresented Cassese's felony status and thus violated the material misrepresentation termination clause, 8.1(c). Although AGI disputes the materiality of Cassese's felon status, in this particular contract, felon status is made material by the terms of the agreement. The felony conviction of a principal shareholder is one of the two conditions Red Robin reserved for itself as grounds to terminate the contract without opportunity to cure. AGI was made aware of this when its representatives signed the contract. We conclude that when it signed the agreement, with knowledge of the prior felony and without disclosure, AGI violated article 8.1(c) of the agreement by "omitt[ing] a material fact in the information which was furnished to Red Robin in connection with its decision to enter into [the] Agreement." J.A. at 92.
 
 
 17
 AGI argues on appeal that it never had a duty to disclose the information; it contends only fiduciaries must make full disclosure. The cases AGI cites, however, Byrum v. Brand, 268 Cal.Rptr. 609 (Cal.Ct.App.1990) and Stevens v. Marco, 305 P.2d 669 (Cal.Ct.App.1956), are distinguishable because they involved causes of action for fraud, not for the breach of a particular provision appearing in an agreement between two parties.
 
 
 18
 Furthermore, we conclude that Red Robin is entitled to terminate this agreement on the ground that AGI misrepresented Mr. Cassese's shareholder status. As previously indicated, Mr. Cassese misrepresented his shareholder status to Red Robin on numerous occasions. Because the shareholders had certain obligations and were required to enter into the personal guarantee provision, we hold that the identity of the shareholders of AGI was a material fact. Thus, Red Robin could have terminated the contract for AGI's failure to disclose that Mr. Cassese was not a shareholder of the corporation.
 
 
 19
 AGI contends that Red Robin had constructive notice of the true number of its shareholders. Constructive notice is not relevant to the facts of this case. For constructive notice to apply, Red Robin must have had actual notice of a circumstance that would put a prudent person on inquiry as to the fact that Mr. Cassese was not a shareholder. See Cal.Civ.Code § 19 (West 1995). The record does not indicate actual notice of any fact that would spur Red Robin to investigate Mr. Cassese's shareholder status.
 
 IV.
 
 20
 The district court also granted summary judgment on the basis of clause 8.1(d) of the agreement, which granted Red Robin the right to terminate the agreement if "the Developer [AGI] or any principal shareholder of the Developer is convicted of a felony." J.A. at 25 (emphasis added). In the letter terminating the agreement, one of the grounds stated by Red Robin was that "a principal shareholder of Developer has been convicted of a felony." AGI contested Red Robin's interpretation of the felony termination provision, asserting that the language "is convicted of a felony" is prospective in nature and applies only to felony convictions occurring after the execution of the agreement. Red Robin claims the language applies to any felony, past or future. AGI contends that the disagreement constitutes an ambiguity which, according to California law, requires this court to interpret the clause in the manner least favorable to the drafter, Red Robin. The district court concluded the language was "clear and unequivocal" and held that it applied to all felony convictions. J.A. at 29.
 
 
 21
 We disagree with the district court's interpretation of the contract, and reverse on this issue. We understand the phrase "is convicted" to contemplate future felonies only. Although we will not go so far as to declare the use of "is" ambiguous in this context, we note the potential confusion the wording of this provision could cause. We must construe any ambiguities in the agreement against Red Robin, the drafter of the contract. See AIU Ins. Co., v. Superior Court, 799 P.2d 1254, 1264 (Cal.1990). Consequently, we hold that the district court erred in interpreting this provision of the agreement.
 
 
 22
 The interpretation of this section in no way affects our earlier conclusion that the failure to disclose the felony was a material misrepresentation. While we hold that past felony convictions could not serve as an independent basis for terminating the contract under clause 8.1(d), we still find that the failure to disclose past felonies may constitute a material misrepresentation under clause 8.1(c).
 
 V.
 
 23
 AGI's remaining claims are easily dismissed. AGI asserts that the affidavit of Red Robin's vice-president, Madison Jobe, was improperly received into evidence because it was not based on first hand information. AGI's contention is without merit. Corporate officers are considered to have personal knowledge of the acts of their corporations and an affidavit setting forth those facts is sufficient for summary judgment. Catawba Indian Tribe v. South Carolina, 978 F.2d 1334, 1342 (4th Cir.1992), cert. denied, 113 S.Ct. 1415 (1993). Jobe's affidavit represented competent testimony.
 
 
 24
 As a final matter, we hold that Red Robin was not precluded from terminating the agreement on the ground of promissory estoppel. The doctrine of promissory estoppel applies only in the absence of a bargained-for exchange. Raedeke v. Gibraltar Sav. & Loan Ass'n, 517 P.2d 1157, 1161 (Cal.1974). " '[I]f the promissee's performance was requested at the time the promisor made his promise and that performance was bargained-for, the doctrine is inapplicable.' " Id. (citation omitted). The doctrine is also limited to cases where no benefit flows to the promisor. Signal Hill Aviation Co. v. Stroppe, 158 Cal.Rptr. 178, 183 (Cal.Ct.App.1979). In this case, AGI's decision to terminate its competing franchise agreement was a bargained-for element of the contract. Furthermore, Red Robin stood to benefit from AGI's withdrawal from business dealings with its competitor. Hence, promissory estoppel does not apply to the agreement between Red Robin and AGI.
 
 VI.
 
 25
 We REVERSE the district court's judgment on the issue of the felony termination clause and AFFIRM the district court's judgment on the issue of the material misrepresentation clause. The district court also granted summary judgment based upon equitable estoppel and impossibility of performance. We find the material misrepresentation adequate to support the award of summary judgment and therefore decline to discuss these other bases.
 
 
 
 *
 The Honorable Jennifer B. Coffman, United States District Judge for the Eastern and Western Districts of Kentucky, sitting by designation
 
 
 [1]
 The guarantee clause provided:
 The undersigned partners or principal shareholders of the Developer [AGI] hereby acknowledge that Red Robin has entered into this Agreement in reliance upon and in consideration of their qualifications and their representations that they collectively hold all legal and beneficial interest in the Developer and each of the undersigned agreed to be individually bound by all the covenants, terms, conditions and provisions contained in Article 9 of this Agreement.
 J.A. at 99.