**Daniel BILICKI and Anita Bilicki, Plaintiffs,**

**v.**

**WINDSOR–MOUNT JOY MUTUAL INS. CO., Defendant.**

**Action No. 2:96cv592.**

United States District Court, E.D. Virginia, Norfolk Division.

Nov. 27, 1996.

James Patrick St. Clair, John S. Norris, Jr., Michael Rowe Davis, Norris & St. Clair, P.C., Virginia Beach, VA, for Daniel Bilicki, Anita Bilicki.

Henry Cannon Spalding, III, Albert Marcellus Orgain, IV, Sands, Anderson, Marks & Miller, Richmond, VA, for Windsor–Mount Joy Mutual Insurance Company.

### ORDER AND OPINION

DOUMAR, District Judge.

The defendant in this case, Windsor–Mount Joy Mutual Insurance Company, filed a motion for summary judgment, asserting that plaintiffs' claims relating to fire insurance are time-barred. For the reasons stated below, this Court GRANTS defendant's motion for summary judgment.

### Factual and Procedural Background

The Bilickis' house caught fire on January 27, 1994. In February of 1994, the Bilickis retained a public adjusting firm to represent them in their negotiations with their fire insurer, Windsor–Mount Joy. At some point, but no later than December 1994, the Bilickis hired an attorney at law to represent them.[1] On January 31, 1995, the Bilickis, pursuant to an insurance policy provision allowing umpires to value structural loss, filed in the Accomack County Circuit Court a request that an umpire be appointed to assist in valuing their claim. An umpire was appointed by order of the court on March 8, 1995. The umpire issued a declaration on June 12, 1995, valuing the Bilickis' structural loss as $79,495.34. The proceeding involving the umpire was thus completed on June 12, 1995.

Windsor–Mount Joy paid the Bilickis $4,000 in February of 1994 and $5,000 in May of 1994 as living expenses. When these payments were made, the Bilickis signed a Non–Waiver Agreement that stressed that Windsor–Mount Joy was not waiving any potential defenses by making advance payments or in negotiating with the Bilickis to settle the claim. Subsequently, on July 7, 1995, Windsor–Mount Joy offered the Bilickis $105,-000.00, an amount half the face value of the policy, to settle the claim. The Bilickis did not respond to this offer. *See* Compl. at para. 11.

On March 18, 1996, Windsor–Mount Joy denied the Bilickis' claim because of their alleged material misrepresentations. The insurer maintained that the value of household items had been overstated and that certain claimed items had not been destroyed in the fire as the Bilickis maintained. In addition, the insurer maintained that the Bilickis failed to disclose the existence of another insurance policy on the house under which they previously obtained a recovery.

On April 29, 1996, the Bilickis filed suit in the Circuit Court for the City of Virginia Beach, alleging breach of contract and lack of good faith. Windsor–Mount Joy removed the case to federal court based on diversity jurisdiction. On August 30, 1996, Windsor–Mount Joy filed a motion for summary judgment, claiming that the Bilickis' suit was time-barred because it was filed more than two years after the inception of the loss, which occurred on January 27, 1994. The Bilickis argue that the two-year period was tolled while the umpire was assessing their claim, and that Windsor–Mount Joy should be estopped from asserting a time-bar based on the limitations period statutorily required in the Policy of Insurance.

An insured who sues upon an insurance contract must prove compliance with the terms and conditions of the policy in order to recover. If the Bilickis fail to establish their compliance with the terms of the policy, they cannot recover.

### Statutory Provisions

Under Virginia law, all insurance companies are required to include certain provisions in their policies. Virginia Code Section 38.2–2105 requires that each policy state, "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within two years next after inception of the loss." The statute further provides that, "[n]o change shall be made in the sequence of the

---

1. The Bilickis claim that the attorney was retained to "represent Plaintiffs in having an umpire appointed ... which proceeding terminated on June 12, 1995." Pls.' Brief in Opp. to Def.'s Mot. for Summ.J. at 2.

words and paragraphs of the standard provisions, conditions, stipulations and agreements prescribed by this section...." Va.Code Ann. § 38.2–2105(B) (Michie 1994).

General Virginia law on the tolling of limitations periods provides "if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought...." Va.Code Ann. § 8.01–229(E)(1) (Michie 1992). The Bilickis argue that this tolling statute applies to Virginia insurance contracts, and that their claim should be regarded as timely filed because the time from when they requested that an umpire be appointed until the time when the umpire filed his appraisal should be regarded as an "action" tolling the running of the two-year period. Thus, this Court must apply Virginia law to determine: 1) whether the tolling statute applies to contractual limitations periods in insurance contracts; and 2) if so, whether the appraisal process tolled the limitations period.

### Analysis

Windsor–Mount Joy makes several responses to the Bilickis' contentions. First, it argues that the two-year contractual limitations period governs the dispute without being limited by the general statutory provision on tolling. Windsor–Mount Joy claims that no tolling provision applies because the insurance contract does not contain its own tolling provision.

■ The Supreme Court of Virginia has strictly construed statutorily required contractual provisions in fire insurance contracts previously, reasoning that the contractual provision "should be held to mean what it says." *Ramsey v. Home Ins. Co.*, 203 Va. 502, 125 S.E.2d 201, 203 (1962). The Court explained,

The limitation involved in the present case is not in the language of the insurance company. It is in the language of the General Assembly and expressed in words which the statute requires to be inserted in the policy, word for word, line for line, number for number. It says in plain, unambiguous words that no suit shall be sustainable unless it is commenced within twelve months next after the inception of the loss. It was enacted by the General Assembly after this court had twice said that time should be counted from the date of the fire. To employ the language of the Bowers case, if the legislature had intended to change the rule as thus laid down, it is reasonable to suppose that it would have done so in some clearer and plainer manner than by the inference which the insured here seeks to draw.[2]

*Id.* 125 S.E.2d at 204. In accord with *Ramsey*, the Court finds that the statutorily required contractual limitations period for insurance suits should not be subject to general tolling provisions.

The same Virginia insurance statute also requires that specific language be used to describe the insurance appraisal process. *See* Va.Code Ann. § 38.2–2105. The legislature thus was obviously aware of the appraisal process, but chose not to include a provision that the process would toll the limitations period. Instead, the legislature included a section on waiver which states, "[n]o provision, stipulation, or forfeiture shall be held to be waived by any requirement or proceeding on the part of this Company relating to appraisal or to any examination provided for herein." Va.Code Ann. § 38.2–2105. The legislature specifically indicated that usage of the appraisal process was not to be viewed as a waiver of any other policy provisions, which would thus include the two-year limitations provision. The statute mandating the inclusion of certain insurance policy terms is thorough, exacting, and exhaustive, covering seventeen topics ranging from concealment and fraud to subrogation. *See* Va.Code Ann. § 38.2–2105. Because the statute strictly forbids variance from these prescribed terms, insurers have little discretion in the terminology of the contract. Clearly, given the breadth and completeness

---

**2.** At the time of the *Ramsey* case, the relevant statute, Va.Code Ann. § 38.1–366, provided for a twelve-month period of limitations. The current statute, Va.Code Ann. § 38.2–2105, provides a two-year period.

of the insurance statute, if the legislature had intended that the prescribed period be tolled while the appraisal process was pending, it would have so provided. One example indicating that the legislature will enact a specific tolling provision when it enacts a specific statutory limitations period is Virginia's wrongful death statute. *See* Va.Code Ann. § 8.01–244(B). That the insurance statute before the Court today contains no tolling provision, in contrast, is particularly instructive.

Moreover, the Sixth Circuit considered a claim similar to the Bilickis' claim and rejected it. *See Curry v. Vanguard Ins. Co.*, 923 F.2d 484 (6th Cir.1991). In *Curry*, an individual claimed that the limitations period of his fire insurance policy should be tolled during the period he was incarcerated, pursuant to Kentucky's general tolling provision that allowed periods of incarceration to toll limitations periods. The Court rejected his argument, reasoning that, "[h]ad the legislature intended to statutorily mandate that certain conditions, such as imprisonment, toll the running of an insurance-contract limitations period, it is likely that the legislature would have provided explicitly for that. . . ." *Id.* at 486.

■ Accordingly, this court finds that Virginia's general tolling provision does not apply to insurance contracts. Nevertheless, even if the tolling provision were operative in this case, this Court would not find that the period had been tolled during the pendency of the appraisal process. The tolling statute provides in relevant part,

> if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action shall be brought, and another action may be brought within the remaining period.

Va.Code Ann. § 8.01–229(E)(1). The statute requires that there be 1) a cause of "action," and 2) that such action "abates" or is "dismissed without determining the merits." Under a plain reading of the applicable statutes, the request for an umpire would not be considered an "action" under the statute which would toll the period. Moreover, that request was granted and was *not* dismissed without determining the merits. The petitioners received everything for which they asked.

The Virginia insurance statute mandates that the following language on the appraisal process be included in all insurance policies:

> In case the insured and this Company shall fail to agree as to the actual cash value or amount of the loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree on such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located.

Va.Code Ann. § 38.2–2105. The statute further states:

> No provision, stipulation, or forfeiture shall be held to be waived by any requirement or proceeding on the part of this Company relating to appraisal or to any examination provided for herein.

*Id.*

Pursuant to these provisions, the Bilickis went to court and asked that an umpire be appointed, a common request in all types of arbitration matters. Although the proceeding to have an umpire appointed was topically related to the insurance action, it is wholly distinct from this suit as evidenced by the different remedies sought. The Bilickis' first action was a petition or "request" for an umpire. The merits of this "request" were considered and an umpire was appointed. The umpire "request" neither abated nor was dismissed "without a determination of the merits." The plaintiffs received everything for which they asked in the request; there was nothing more to be done in the matter. The Bilickis' first petition to have an umpire appointed is not interchangeable with this suit to recover insurance proceeds. Thus, the umpire proceeding is not "such action" as would toll the limitations period. It was

merely a means of procuring a third, non-biased appraiser.

Moreover, while the insurance policy does require that parties comply with its provisions before bringing suit, the policy does not require parties to submit claims to umpires. See Ex. 1 to Def.'s Mot. For Summ.J. at pp. 7–8, paras. 11 and 14. An umpire may be requested by either party, but an umpire's ruling is not a condition precedent to filing suit. The policy holder is not required to forego the filing of an action while the matter is pending before an umpire. Thus, the Bilickis may have filed suit while the umpire referral was proceeding. Furthermore, after the umpire issued his declaration, the Bilickis had over seven remaining months left to file suit within the two-year period. They failed to do so.

### Estoppel

The Bilickis alternately argue that Windsor–Mount Joy should be estopped from asserting the limitations defense. Plaintiffs assert that "the actions of Defendant and its representatives clearly suggested that Defendant would pay the claim as soon as certain issues surrounding the valuation of the Bilickis [sic] loss had been resolved." Pls.' Resp. to Def.'s Mot. for Summ.J. at 7. The Bilickis cite Windsor–Mount Joy's payment of living expenses, its participation in the appraisal process, and the settlement offer as evidence that Windsor–Mount Joy lulled the Bilickis into inaction. They also argue that the insurance company's refusal to deal with the adjusting firm indicates bad faith. They further claim that estoppel is an issue for the jury, one which should not be decided by this Court on a motion for summary judgment.

■■■ Virginia does recognize equitable estoppel as a counter to a plea of the statute of limitations. A party claiming equitable estoppel, however, must prove affirmative acts or misrepresentations that lulled the party into inaction. *See Boykins Narrow Fabrics Corp. v. Weldon Roofing and Sheet Metal, Inc.*, 221 Va. 81, 266 S.E.2d 887 (1980). The facts in this case indicate that Windsor–Mount Joy did not act to lull the Bilickis into "sleeping on their rights."[3] Windsor–Mount Joy required the Bilickis to sign an unambiguous non-waiver agreement, which stressed that Windsor–Mount Joy was not waiving any defenses by making payments to the Bilickis or by negotiating with them. The Non–Waiver Agreement stated,

it is hereby agreed by and between the Insureds and the Company that no acts heretofore or hereafter taken by the Company, directly or by and through its representatives, in investigating said fire, or in making any advance payment to the Insureds under said policy in connection with the fire, or in any negotiations concerning the compromise settlement of the Insureds' claim for benefits under said policy in connection with the fire, or in any other actions heretofore or hereafter taken by the Company in any way connected with the fire, shall operate in any way as a waiver by the Company of said policy's conditions, terms or provisions. In the event any suit has been or shall be filed by or against the Company arising out of the fire, any defenses which the Company may have shall not be construed as having been waived, nor shall any settlement negotiations between the Company and the Insured be admissible as evidence against the Company and the Insured be admissible as evidence against the Company or the Insureds in any such suit.

Ex. 2 to Def.'s Mot. for Summ.J. Windsor–Mount Joy simply made no misrepresentations. Furthermore, both counsel and a public adjusting firm represented the Bilickis, factors which must be considered when weighing the equities. Therefore, the Court finds that the Bilickis have not alleged any facts from which it could be concluded that Windsor–Mount Joy is estopped from asserting the limitations period as a defense. Accordingly, estoppel does not preclude the entering of summary judgment for Windsor–Mount Joy. *See Luddeke v. Amana Refrigeration, Inc.*, 239 Va. 203, 387 S.E.2d 502, 504 (1990) (refusing to allow a claim of estop-

---

3. The Bilickis cite *Lissmann v. The Hartford Fire Ins. Co.*, 848 F.2d 50 (4th Cir.1988). In *Lissmann,* the insurer actually promised the insured that the claim would be settled. The Bilickis have not alleged any affirmative misrepresentations of this type. Thus, *Lissmann* is inapposite.

**134**

pel to go to the jury when the only evidence to support the theory was the plaintiff's testimony that the defendants had led him to believe they would resolve the problem).

Accordingly, this Court GRANTS Windsor–Mount Joy's motion for summary judgment and FINDS that the Bilickis' suit was not timely filed.

The Clerk of the Court is INSTRUCTED to enter judgment for the Defendant and to forward copies of this order to counsel for all parties.

IT IS SO **ORDERED.**