**ZAENO INTERNATIONAL, INC., d/b/a Milano, Plaintiff,**

v.

**STATE FARM FIRE AND CASUALTY, Defendant.**

**No. CIV.A. 01–507–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Aug. 9, 2001.

Kevin Aloysius Kernan, O'Brien Butler McConihe & Schaefer P.L.L.C., Washington, D.C., for Plaintiffs or Petitioners.

Ethel Kay Fuller, Paul Benedict Weiss, Martin & Seibert, L.C., Martinsburg, WV, for Defendants or Respondents.

## MEMORANDUM OPINION

ELLIS, District Judge.

At issue on summary judgment in this diversity action on an insurance policy is whether the nonsuit tolling provision in Virginia Code § 8.01–229(E)(3) operates to toll the running of the two-year limitations period included in the policy by statutory command.

### I.

This action arises out of an insurance contract between plaintiff, Zaeno International, Inc. ("Zaeno") and defendant, State Farm Fire and Casualty Co. ("State Farm"). The policy, which issued on December 2, 1997, insures plaintiff, *inter alia*, against loss of property by fire and theft. On December 22, 1997, plaintiff reported a loss of property due to theft at its business location in Alexandria, Virginia and made a claim under the policy. When defendant denied the claim, plaintiff filed a motion for judgment in the Circuit Court for the City of Alexandria, but apparently never served it on defendant. In April 2000, plaintiff moved for a voluntary nonsuit, which was granted by the Circuit Court, and accordingly, the case was dismissed without prejudice. *See* Va.Code § 8.01–380 (permitting party to dismiss action by nonsuit). On September 29, 2000, plaintiff filed a second motion for judgment against defendant in the same court alleging breach of contract and seeking attorney's fees, bad faith damages, and punitive damages. This time, defendant removed the action to federal court and, in time, filed the instant motion for summary judgment,

arguing that plaintiff's second motion for judgment is time-barred. Following oral argument, the motion was taken under advisement to permit the parties to pursue possible settlement of the case. *See Zaeno Int'l, Inc. v. State Farm Fire and Cas.,* Civ. A. No. 01–507–A (E.D.Va. Jul. 13, 2001) (order). The parties were also given leave to file supplemental memoranda in the event settlement negotiations proved unsuccessful. No settlement was reached.[1] Because the issue has been fully briefed and argued, the matter is now ripe for disposition.

## II.

■ Virginia law provides that insurance companies are required to include either the standard fire-insurance-policy provisions provided for in the Virginia Code §§ 38.2–2104, 2105, 2106, or a "simplified and readable policy of insurance that deviates in language from the standard policy form [as long as] the deviating policy form is (i) in no respect less favorable to the insured than the standard policy form, and is (ii) approved ... prior to issuance." Va.Code § 38.2–2107. The Virginia standard insurance policy form, in relevant part, provides as follows:

No suit or action on this policy for the recovery of any claim shall be sustaina-ble in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within two years next after inception of the loss.

The policy in issue complied with this requirement, and thus contained a two-year statute of limitations.[2] Accordingly, defendant argues that plaintiff's second motion for judgment is time-barred because it was filed after the expiration of the two-year limitations period specified in the statute and incorporated in the policy. In response, plaintiff contends that the two-year period had not expired because Virginia Code § 8.01–229(E)(3), which tolls the statute of limitations for six months from the date of an order granting a voluntary nonsuit,[3] operated here, in effect, to extend the limitations period for six months. Thus, plaintiff argues, because the second motion for judgment was filed within six months of the voluntary nonsuit, the second motion for judgment was timely. Defendant's response is that the tolling provision has no application to the running of the policy's two-year limitations period because the applicable insurance statute, Virginia Code § 38.2–2105(A), involves no tolling provision. Accordingly, the sole question presented is whether the nonsuit tolling provision in § 8.01–229(E)(3) ap-

1.  Even so, the parties stipulated to the dismissal of plaintiff's claims for attorney's fees and bad faith damages. *See Zaeno International Inc. v. State Farm Fire and Cas.,* 01–507–A (E.D.Va. Aug. 3 2001) (stipulation and order).

2.  Although the terms used in the policy are not identical to those in the statute, they are essentially similar, and it is not disputed that the State Farm policy complies with the statute's requirements. *See Coker v. State Farm Fire & Cas. Co.,* 45 Va. Cir. 510, 1998 WL 972219, at *3 n. 4 (Va. Cir. Ct. Jun.4, 1998) (noting that State Farm policy language was "properly approved by the State Corporation Commission as required by § 38.2–2107").

3.  This section provides that

    If plaintiff suffers a voluntary nonsuit ..., the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation ... whichever is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

    Va.Code § 8.01–229(E)(3).

plies to an insurance contract, governed by Virginia Code § 38.2–2105(A), that includes no provision permitting tolling of the limitations period.

■ *Massie v. Blue Cross and Blue Shield of Virginia*, 256 Va. 161, 500 S.E.2d 509 (1998) answers this question. There, the Supreme Court of Virginia held that an insured could not claim the benefit of the tolling provision in § 8.01–229(E)(3) because the parties in that case had contracted in the policy for a limitations period different from the five-year limitations period applicable generally to contracts.[4] In so doing, the parties, by contract, had effectively excluded the statutory nonsuit tolling provision in § 8.01–229(E)(3). In the Supreme Court of Virginia's words, "[b]y agreeing to a period of limitations different from the statutory period, the parties chose to exclude the operation of the statute of limitations and, in doing so, also excluded its exceptions." *Massie*, 500 S.E.2d at 511. *Massie*, therefore, stands for the principle that the applicability of the nonsuit tolling provision to an insurance policy's limitations period depends on whether the policy's limitations period derives from the statute or the parties' contract.[5] Where, as in *Massie*, the policy's limitations period derives from the contract-it was there shorter than the statutory period-then the running of the limitations period is a matter of contract and is unaffected by the tolling provision in Virginia Code § 8.01–229(E)(3). By contrast, where, as here, the policy's limitations period derives from the statute, tolling under § 8.01–229(E)(3) operates in the event of a nonsuit. And, as plaintiff properly noted, a decision by a district court in the Western District of Virginia, facing essentially identical facts, reached precisely this result. *See Erie Ins. Exchange v. Clover*, 2000 WL 1456334, at *5 (W.D.Va. Sep.1, 2000) ("To consider the § 38.2–2105 statute of limitations as contractual rather than statutory, merely because of its presence in a contract-which is required by the statute-would be a legal fiction."). Thus, in the instant case, the limitations period set forth in the insurance contract is a statutory limitation, and, as such, "the statutory exceptions to that limitations period must apply as well." *Id.*

In an effort to avoid this result, defendant relies mistakenly, but understandably, on *Bilicki v. Windsor–Mount Joy Mutual Insurance Co.*, 954 F.Supp. 129 (E.D.Va.1996), a decision from a court in this district reaching a contrary result on essentially similar facts. *Bilicki* is unpersuasive because it was decided two years before *Massie* and thus without the benefit of the Supreme Court of Virginia's view on the issue. Moreover, the primary argument set forth in *Bilicki* is that the nonsuit tolling provision does not apply to insurance contracts governed by § 38.2–2105(A) in the absence of a specific reference to § 8.01–229(E)(3). *See id.* at 132. This argument fails because § 8.01–229(E)(3)

---

4. *See* Va.Code § 8.01–246(2). Significantly, *Massie* involved a group health and hospitalization insurance contract. The Virginia Code provisions applicable to such contracts, unlike those provisions applicable to fire policies, prescribes no specific limitations period. Thus, the parties to a group health and hospitalization insurance contract are at liberty to bargain for any limitations period provided that the "contractual provision is not against public policy and if the agreed time is not unreasonably short." *Board of Supervisors of* *Fairfax County v. Sampson*, 235 Va. 516, 369 S.E.2d 178, 180 (1988).

5. And, in this regard, it is clear that a policy's limitations period is "derived" from a statute if the limitations period is expressed in the precise words suggested by the statute. It is also clear that a limitations period is "derived" from a statute where, as here, it is not in *haec verba* with regard to the statute, but differs only in form, not in substance.

by its very terms applies "to all actions irrespective of whether they arise under common law or statute." Accordingly, the nonsuit tolling provision applies unless the General Assembly includes an explicit exclusion.

Furthermore, the reference in the wrongful death statute to § 8.01–229(E)(3) does not compel a contrary result. While the wrongful death statute does specifically reference the general nonsuit tolling provision,[6] this fact does not mandate a finding that absent a reference, the nonsuit tolling provision will not apply. This is so because the reference in the wrongful death statute was added by the General Assembly to supersede state court rulings holding that holding § 8.01–229(E)(3) did not apply to wrongful death cases.[7] Moreover, the General Assembly anticipated that the argument used to attack the application of the nonsuit tolling provision to the wrongful death statute might also be deployed to exclude its application to other causes of action, as well. But rather than amend each statutory cause of action, the General Assembly, in the same bill that amended the wrongful death statute, amended § 8.01–229(E)(3) to provide that the six-month tolling period applied to all causes of action.[8] Thus, the amendments to § 8.01–244(B) and § 8.01–229(E)(3) ensure that § 8.01–229(E)(3) will have broad application in civil proceedings in Virginia unless a statute specifically provides otherwise. Accordingly, the nonsuit tolling provision in § 8.01–229(E)(3) applies to the insurance contract at issue in this case, and therefore, plaintiff's second motion for judgment is not time-barred.

### III.

For these reasons, defendant's motion for summary judgment must be denied.

An appropriate Order will issue.

---

6. *See* Va.Code § 8.01–244(B) ("However, if a plaintiff suffers a voluntary nonsuit ..., the nonsuit shall not be deemed an abatement nor a dismissal pursuant to this subsection, and the provisions of [§ 8.01–229(E)(3)] shall apply to such a nonsuited action.").

7. *See, e.g., Dodson v. Potomac Mack Sales & Service, Inc.,* 241 Va. 89, 400 S.E.2d 178, 181 (1991) ("Code § 8.01–244(B) provides for the limitation of wrongful death actions and a tolling period in a specific way, and thus 'otherwise specifically provides' its own requirements."). *Cf. Hendrix v. Daugherty,* 249 Va. 540, 457 S.E.2d 71, 73 n. 1 (1995) (recognizing that *Dodson* was superseded by amendment to wrongful death statute). For the bill amending the wrongful death statute, *see* 1991 Virginia Laws Ch. 722 (H.B.1932) (amending Va.Code § 8.01–244(B)).

8. *See* 1991 Virginia Laws Ch. 722 (H.B.1932) (amending Va.Code § 8.01–229(E)(3) to provide that this provision applies "to all actions irrespective of whether they arise under common law or statute").