Present:  All the Justices

HITT CONTRACTING, INC., ET AL.

v.  Record No. 981878     OPINION BY JUSTICE ELIZABETH B. LACY
                                  June 11, 1999
INDUSTRIAL RISK INSURERS

        FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                    Alfred D. Swersky, Judge

     The issue in this appeal is whether a suit for failure to pay a claim under a replacement coverage endorsement of an insurance policy is subject to the two-year limitations period contained in the policy and required by Code § 38.2-2105.

     Metropolitan Washington Airports Authority (the Authority) hired Hitt Contracting, Inc. (Hitt) to build a new fuel farm at Washington National Airport.  Hitt subcontracted with John J. Kirlin, Inc. (Kirlin) to furnish and install an underground piping system as part of the project.  The installation of the piping system was completed in August of 1993.  In April 1994, leaks were discovered in the system.  Kirlin repaired the system and reported that the system passed an air pressure test performed in June of 1994.

     After further investigation, the Authority determined that faulty design and improper installation had caused the leaks and, in December 1994, directed Hitt to replace certain pipe joints with differently designed joints.  Kirlin replaced the joints as directed by the Authority.  Hitt notified the Authority that it considered the repairs and replacement of

the piping system to be an "extra" under the construction contract and that it was entitled to additional compensation for the costs incurred. The Authority refused the claim for compensation.

In conjunction with the construction project, the Authority had obtained an insurance policy from Industrial Risk Insurers (IRI). Hitt submitted a claim for the additional work to IRI on its own behalf and on behalf of Kirlin as insureds under this policy. On March 21, 1996, IRI denied the claim based on a faulty workmanship exclusion in the policy.

Hitt and Kirlin (collectively "the insureds") filed a motion for judgment against IRI seeking recovery under the policy.[1] IRI filed a demurrer and special plea of the statute of limitations, asserting the suit was barred because it was not filed within the two-year limitations period contained in the policy. The insureds responded that their claim was made pursuant to the Replacement Coverage Endorsement and that the two-year limitations period did not apply to suits seeking recovery under that endorsement. After briefing and argument of counsel, the trial court sustained IRI's demurrer and

---

[1] The motion for judgment also contained a breach of contract count against the Authority. That count was nonsuited and is not before us on appeal.

special plea and dismissed the case with prejudice.  We awarded the insureds an appeal.

The insurance policy at issue is identified in the Memorandum of Insurance as a "Standard Fire Insurance Policy" and denotes the coverage as "ALL RISK PROPERTY POLICY."  The policy covers all risks of physical loss or damage, except as excluded, to covered property during the policy term.  Because the policy covers property in Virginia and insures against the peril of fire, it necessarily includes the mandatory provisions enumerated in Code § 38.2-2105.  See Code § 38.2-2100.

These statutorily required contract provisions were made part of this policy by an endorsement entitled "Virginia Amendatory Endorsement."  As relevant here, the Virginia Amendatory Endorsement provides that a suit to recover a claim under the policy must be "commenced within two years next after inception of the loss."

The policy includes a Replacement Coverage Endorsement upon which the insureds base their claim.  It provides in pertinent part:

> In consideration of increased premium and subject to all terms, conditions and stipulations of the policy to which this endorsement is attached, not in conflict herewith, the coverage under this policy . . . is hereby extended to cover such property to the amount actually expended by or in behalf of the Insured to repair, rebuild or

　　　　replace within two (2) years from the date of
　　　　loss or damage . . . .

The insureds advance three arguments to support their contention that the two-year limitations period in the policy required by Code § 38.2-2105 does not apply to their claims under the Replacement Coverage Endorsement.  We reject all three.

The insureds first assert that the insurance contract at issue is not the type of fire insurance policy subject to the provisions of Code § 38.2-2105 because it provides "much broader coverage than that provided by standard fire insurance coverage."  In support, they argue that a "standard" fire insurance policy provides only actual cash value coverage while the policy in this case provides replacement cost coverage.  We disagree.  Contrary to the insured's assertion, the mere fact that this policy provides coverage for other perils in addition to fire, and provides for insurer liability on a basis other than actual cash value, does not mean it is not subject to the "standard" provisions required in a fire insurance policy pursuant to Chapter 21 of Title 38.2 of the Code of Virginia, Code §§ 38.2-2101 through -2124.

Code §§ 38.2-2100 and -2101 provide that "policies of fire insurance, and contracts or policies of fire insurance <u>in combination with other insurance coverages</u>" issued on property in Virginia must meet the requirements of Chapter 21.

4

(Emphasis added.) The Chapter allows inclusion of perils other than fire "by endorsement by writing." Code § 38.2-2105. Furthermore, while the standard provisions set out in Code § 38.2-2105 provide for insurer liability on an actual cash value basis in the case of loss, Code § 38.2-2119 permits the policy to contain an endorsement providing for the payment of the full replacement cost of property insured under the policy.

The policy in this case insures against the peril of fire. As such it is required to and does contain the "standard" fire insurance policy provisions of Code § 38.2-2105. As permitted by those mandatory provisions, the policy also contains written endorsements extending coverage to all perils not excluded and an endorsement providing that the insurer will be liable for the replacement cost of certain property lost as a result of a covered peril. The policy's "broader coverage" does not remove the policy from the provisions of Title 38.2, Chapter 21, and nothing about the policy exempts it from the mandatory provisions of Code § 38.2-2105. Therefore, the two-year statute of limitations mandated by Code § 38.2-2105 applies to this policy.

The insureds alternatively argue that the several additional coverages added to the fire insurance policy are, in effect, separate coverages. They assert that the

Replacement Coverage Endorsement under which they claim provides a different type of coverage than standard fire insurance coverage and is, thus, not subject to the limitations period mandated in Code § 38.2-2105 for standard fire insurance policies. Again, we disagree.

Fire insurance coverage (or fire insurance coverage in combination with other insurance coverages, see Code § 38.2-2100) and an endorsement for replacement cost coverage, are not different types of insurance. The former describes the risk insured against in the policy. The latter, replacement cost coverage, provides the method of measuring the amount of recovery an insured will receive for the property it lost because of a risk insured against in the policy. The endorsement does not provide "separate" coverage, as the insureds contend, but merely extends coverage "to the amount actually expended" to repair, rebuild, or replace the damaged property. Therefore, we reject the insureds' argument that the two-year limitations provision in Code § 38.2-2105 and in this policy does not apply to a suit to recover under the Replacement Coverage Endorsement because replacement coverage is a separate type of insurance.

Next, the insureds argue that Code § 38.2-2119(B) establishes a "different procedure" for recovery under a replacement cost endorsement, and therefore, that the General

6

Assembly anticipated application of a different limitations period to suits brought under such an endorsement. The insureds, however, mischaracterize Code § 38.2-2119(B).[2] Anticipating that the insured will follow the procedure mandated in Code § 38.2-2105 for making a timely claim for the actual cash value of the losses, the subsection protects the insured's ability to make a claim for the difference between the actual cash value and the replacement cost value. It also sets out the time frame within which that claim must be submitted to the insurer.

While this procedure addresses an element involved in securing recovery for replacement cost that does not exist in recovery for actual cash value, it does not provide a "different procedure" for recovery under the policy. The

---

[2] Code § 38.2-2119(B) provides:

> Where any policy of insurance issued or delivered in this Commonwealth pursuant to this chapter provides for the payment of the full replacement cost of property insured thereunder, the policy shall permit the insured to assert a claim for the actual cash value of the property without prejudice to his right to thereafter assert a claim for the difference between the actual cash value and the full replacement cost unless a claim for full replacement cost has been previously resolved. Any claim for such difference must be made within six months of (i) the last date on which the insured received a payment for actual cash value or (ii) date of entry of a final order of a court of competent jurisdiction declaratory of the right of the insured to full replacement cost, whichever shall last occur.

"standard" procedures for recovery mandated by Code § 38.2-2105, such as notifying the insurer of the loss, presenting the proof of loss, and resolving disputes over the amount of the loss, are applicable to claims under the Replacement Coverage Endorsement as well as to claims under other portions of the policy.

Furthermore, Code § 38.2-2119 specifically provides that it applies to policies issued under Chapter 21, the same Chapter in which Code § 38.2-2105, the section imposing the two-year limitation, is found. Thus, we must assume that the General Assembly anticipated that both the procedure set out in Code § 38.2-2119(B) and the two-year limitations period set out in Code § 38.2-2105 would apply in the same policy and operate together. There is no support for the insureds' argument that the General Assembly intended a limitations period other than that prescribed in Code § 38.2-2105 to apply to replacement cost coverage.

Finally, the insureds assert that because costs incurred up to two years after the loss are recoverable under the Replacement Coverage Endorsement, applying the two-year limitations period could require an insured to file suit "before those costs can be presented to the insurers, or before the insured and insurer even fail to agree to the amount of the recovery." As a result of these circumstances,

the insureds argue, logic and common sense dictate that the two-year limitations period required by Code § 38.2-2105 should not apply to claims made under the Replacement Coverage Endorsement.[3]  However, the possibility that in certain circumstances an insured might not be able to recover replacement costs incurred near or at the end of the two-year limitations period does not change the plain language of Code § 38.2-2105 and of this policy.  By requiring every policy of fire insurance covering property in Virginia to contain all the provisions contained in Code § 38.2-2105, the General Assembly indicated the importance it attached to these provisions.  As we said in Ramsey v. Home Insurance Co., 203 Va. 502, 506, 125 S.E.2d 201, 204 (1962):

> The limitation involved in the present case is not in the language of the insurance company.  It is in the language of the General Assembly and expressed in words which the statute requires to be inserted in the policy, word for word, line for line, number for number.  It says in plain, unambiguous words that no suit shall be sustainable unless it is commenced within [two years] next after the inception of the loss.

Accordingly, we conclude that the two-year limitations period established by Code § 38.2-2105 and contained in the contract of insurance was applicable to the insureds' motion for judgment against IRI and that the trial court correctly

---

[3] We note that such circumstances are not presented in the instant case.  According to the motion for judgment, the

9

dismissed the motion for judgment on the basis that it was not filed within the two-year limitations period.

Affirmed.

---

insureds' claim was submitted to and rejected by IRI sometime before the end of the two-year limitations period.