PRESENT: Lemons, C.J., Goodwyn, Mims, McClanahan, Powell, and Kelsey, JJ., and Millette, S.J.

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

                                                    OPINION BY
v.  Record No. 141536                    JUSTICE ELIZABETH A. McCLANAHAN
                                                    SEPTEMBER 17, 2015

JENNIFER L. PLOUTIS, INDIVIDUALLY
AND AS SUCCESSOR IN INTEREST TO ALI ALAJMI


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael F. Devine, Judge

Allstate Property and Casualty Insurance Company ("Allstate") appeals from a judgment

entered against it in this breach of contract action brought by Jennifer L. Ploutis for payment of

losses claimed under a homeowner's insurance policy issued by Allstate. Allstate contends the

circuit court erred in ruling that Code § 8.01-229(E)(3), providing for tolling of the statute of

limitations of nonsuited actions, applies to the contractual period of limitations for filing an

action under its policy. We agree and will reverse the judgment of the circuit court.

I.        BACKGROUND

On March 19, 2010, Ploutis' home and certain contents were damaged when water pipes

in the home burst. At the time of the loss, Ploutis' home was insured under a policy issued by

Allstate.[1] Although Allstate provided an initial payment to Ploutis, the parties were unable to

reach an agreement on the cost of remaining repairs. Ploutis filed a complaint for breach of

contract against Allstate on March 16, 2012, and subsequently filed an amended complaint.

Upon the request of Ploutis, an order of nonsuit was entered on February 22, 2013.

---

[1] Ploutis was married to Ali Alajmi when the policy was issued to them as owners of the insured property. After their divorce, Alajmi conveyed his interest in the property to Ploutis.

Ploutis filed the present action on August 21, 2013, well over two years after the damage was sustained on March 19, 2010. The policy, attached as an exhibit to the complaint, requires that actions be brought within two years "after the inception of loss or damage." Allstate therefore filed a demurrer asserting that Ploutis failed to comply with the conditions precedent under the policy.

The circuit court overruled the demurrer on the grounds that the limitations period was tolled pursuant to Code § 8.01-229(E)(3), which tolls "the statute of limitations" with respect to nonsuited actions.[2] The circuit court reasoned that because the language regarding the limitations period in Allstate's policy was "substantively" the same as that included in the Virginia standard policy form, the limitations period was "the Virginia statute of limitations," and therefore subject to tolling.[3]

A final order was entered in which Allstate, without waiving its objection to the circuit court's ruling on demurrer, consented to judgment in favor of Ploutis in the amount of $5,000.

II.     ALLSTATE POLICY AND APPLICABLE CODE PROVISIONS

Allstate's policy insures, inter alia, against losses resulting from fire and, therefore, is designated as a fire insurance policy under Title 38.2, Chapter 21 of the Code. See Code §§ 38.2-110 and 38.2-2100. Accordingly, the policy must include the standard policy

---

[2] Judge Dennis J. Smith presided over the hearing on the demurrer and entered the order overruling the demurrer.

[3] The circuit court entered an addendum to the order providing that, in addition to the reasons stated from the bench, the current action is "merely an abatement of the original action, and the second filing is a reinstatement of the original action." Thus, according to the circuit court, "the present action is still the original action brought within the two year limitations period under the contract." Ploutis did not argue this ground to the circuit court and does not advance this argument on appeal. Nevertheless, we note that because an action filed in relation to a nonsuit is a "'new' action" that "stands independently of any prior nonsuited action," the present action is not a reinstatement of the earlier nonsuited action brought by Ploutis. Laws v. McIlroy, 283 Va. 594, 600, 724 S.E.2d 699, 702 (2012)(quoting Antisdel v. Ashby, 279 Va. 42, 47, 688 S.E.2d 163, 166 (2010)).

2

form provisions set forth in Code §§ 38.2-2104 (standard insuring agreement), 38.2-2105 (standard provisions, conditions, stipulations and agreements), and 38.2-2106 (standard form for execution of policies), or a "simplified and readable policy of insurance" that is "in no respect less favorable to the insured" and is "approved by the Commission prior to issuance." Code § 38.2-2107(A).

The period of limitations in the standard policy form is contained in Code § 38.2-2105(A), which sets forth 172 lines of standard "provisions, conditions, stipulations, and agreements" that relate to eighteen topics ranging from concealment and fraud to subrogation.[4] The language on lines 164 through 168 of the standard policy form provides:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within two years next after inception of the loss.

Thus, a two-year limitations period is the minimum period allowed for fire insurance policies whether the insurer uses the standard policy form provisions set forth in Code § 38.2-2105(A) or a "simplified and readable policy" as authorized by Code § 38.2-2107.

Allstate's policy does not use the standard policy form and the language regarding the period of limitations is not identical to the language contained in Code § 38.2-2105(A). The policy does, however, adopt the standard policy form's two-year period for bringing suit on the policy. Specifically, the policy provides:

---

[4] When the insurer uses the standard policy form, "[n]o change shall be made in the sequence of the words and paragraphs of the standard provisions, conditions, stipulations and agreements prescribed by this section, or in the arrangement of the words into lines." Code § 38.2-2105(B). Furthermore, "[t]he numbers given the lines in the standard form and the catch words placed at the beginning of the paragraphs shall be retained." Id.

No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which Section I Conditions applies, unless:
a) there has been full compliance with all policy terms; and
b) the action is commenced within two years after the inception of loss or damage.

## III. ANALYSIS

Allstate contends that the circuit court erred in overruling its demurrer because the period of limitations provided for in the policy is not a statute of limitations subject to tolling under Code § 8.01-229(E)(3).

In Massie v. Blue Cross & Blue Shield of Virginia, 256 Va. 161, 500 S.E.2d 509 (1998), this Court held that the tolling provision in Code § 8.01-229(E)(3) does not apply to a contractual period of limitations.  Code § 8.01-229(E)(3) states:

If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380,[5] the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

(Emphasis added.)  As we recognized in Massie, the "plain meaning" of this provision is "that, after a voluntary nonsuit, the statute of limitations, not a contractual period of limitations, is tolled."  256 Va. at 165, 500 S.E.2d at 511 (emphasis in original).  Because we "must accept [the statute's] plain meaning and not resort to rules of construction or extrinsic evidence," we concluded that "Code § 8.01-229(E)(3) does not apply to a contractual period of limitations" contained in an insurance policy.  Id.

_____

[5] Code § 8.01-380 sets forth the procedure for dismissal by nonsuit.

4

Like Allstate's policy, the policy in Massie adopted a statutorily-imposed minimum period of limitations. Specifically, Massie involved a twelve-month limitations period in a group health and hospitalization insurance contract. 256 Va. at 163, 500 S.E.2d at 510. Citing Code § 38.2-314, we noted that a contractual limitations period "must not be unreasonably short" and that pursuant to this statute the period of limitations in an insurance contract cannot be less than one year after the loss occurs. 256 Va. at 164, 500 S.E.2d at 511. We expressly distinguished the period of limitations provided in the insurance contract from the five-year statute of limitations applicable to written contracts generally under Code § 8.01-246(2). Massie, 256 Va. at 164 n.2, 500 S.E.2d at 511 n.2. The policy's adoption of the statutorily-imposed minimum period of limitations did not alter the contractual nature of the policy's limitations period.[6]

The circuit court's ruling in this case stems from its faulty premise that Code § 38.2-2105(A) is "the Virginia statute of limitations" for fire insurance policies.[7] Code § 38.2-2105(A), by its own language, is not a statute of limitations but prescribes standard policy form

---

[6] Although Ploutis relies on Zaeno International, Inc. v. State Farm Fire & Casualty, 152 F.Supp.2d 882 (E.D. Va. 2001), the court in that case failed to note, and therefore take into account, the significance of Code § 38.2-314, the statutorily-imposed minimum period of limitations at issue in Massie. See Zaeno, 152 F.Supp.2d at 885 n.4. Furthermore, our holding in Massie does not stand "for the principle that the applicability of the nonsuit tolling provision to an insurance policy's limitations period depends on whether the policy's limitations period derives from the statute or the parties' contract." 152 F.Supp.2d at 885. Rather, our holding in Massie was that Code § 8.01-229(E)(3) means what it says, which is that the statute of limitations is tolled by a nonsuit and not a contractual period of limitations. We did not import into the language of Code § 8.01-229(E)(3) a provision for tolling of contractual periods of limitations that "derive" from or are mandated by statute.

[7] The circuit court stated that "if you put in exactly the [Code § 38.2-]2105 language in your contract, you would have the Virginia statute of limitations, which would include all the tolling." The circuit court then reasoned that even if the insurer used the simplified and readable language permitted by Code § 38.2-2107, the tolling provision inherent in Code § 38.2-2105 would still apply since the policy language, without the tolling, would be less favorable to the insured. This reasoning begs the question of whether the language prescribed by Code § 38.2-2105 constitutes a statute of limitations. As we state here, it does not.

provisions for fire insurance policies. To be sure, Code § 38.2-2105(A) does not bar Ploutis'

action or provide the basis for Allstate's demurrer; the basis for Allstate's demurrer is Ploutis'

failure to comply with the terms of the insurance contract. Allstate's use of "substantively" the

same language as the standard policy form did not convert the contractual limitations period into

a statute of limitations. See Chichester v. New Hampshire Fire Ins. Co., 51 A. 545, 547 (Conn.

1902) (rejecting insured's argument that the establishment of a standard policy of insurance "in

some way changes the agreement of the parties to such a policy into a statute of limitations"),

reaffirmed in Bocchino v. Nationwide Mutual Fire Ins. Co., 716 A.2d 883, 885-86 (Conn. 1998)

(fire insurance policy's limitations period is contractual "irrespective of the fact that the policy

provision was required by a statutory policy form").[8]

The circuit court's conclusion that the contractual limitations period in Allstate's policy

was a statute of limitations also ignores the voluntary nature of insurance contracts and the

essential difference between a contractual period of limitations and a statute of limitations. In

contrast to statutes of limitations such as those found in Chapter 4 of Title 8.01 of the Code,

contractual periods of limitations are incorporated into the terms and conditions of contracts into

which parties have voluntarily entered. Had the General Assembly wanted to enact a specific

statute of limitations for actions on fire insurance policies, it could have done so. Instead, the

General Assembly has directed insurers to issue either a standard policy form that incorporates at

minimum a two-year period of limitations or a simplified and readable policy that is no less

favorable to the insured. In doing so, the General Assembly has made the limitations period a

matter of contract. Accordingly, even if the policy's limitations period is "in the language of the

---

[8] Chichester was relied upon by this Court in Massie as persuasive authority for the principle that the period of limitations in an insurance contract does not operate as a statute of limitations and is not subject to tolling provisions applicable to statutes of limitations. Massie, 256 Va. at 165, 500 S.E.2d at 511.

6

General Assembly and expressed in words in which the statute requires to be inserted into the policy, word for word, line for line, number for number," Ramsey v. Home Ins. Co., 203 Va. 502, 506, 125 S.E.2d 201, 204 (1962), it remains a voluntary agreement between the parties to the insurance contract.

In short, neither Code § 38.2-2105 nor the contractual period of limitations provided in Allstate's policy is a "statute of limitations" within the meaning of Code § 8.01-229(E)(3).[9] Ploutis and Allstate voluntarily chose to enter into a contract that contained a two-year period of limitations for bringing an action under the policy. The insurance contract itself did not include a tolling provision or incorporate Code § 8.01-229(E)(3). "A court must give effect to the intention of the parties as expressed in the language of their contract, and the rights of the parties must be determined accordingly." Massie, 256 Va. at 166, 500 S.E.2d at 512 (quoting Foti v. Cook, 220 Va. 800, 805, 263 S.E.2d 430, 433 (1980)). Thus, by incorporating a period of limitations into the terms and conditions of their contract, "the parties chose to exclude the operation of the statute of limitations and, in doing so, also excluded its exceptions." Id. Since Ploutis did not comply with the two-year period of limitations for filing her action against Allstate, the circuit court erred in overruling Allstate's demurrer.

---

[9] Contrary to Ploutis' contention, Hitt Contracting, Inc. v. Industrial Risk Insurers, 258 Va. 40, 516 S.E.2d 216 (1999) does not affect our holding in Massie or compel a different result here. In Hitt Contracting, we decided that the insurance policy's two-year limitations period applied to the policy's replacement coverage endorsement. We did not address the application of a tolling provision to the policy's limitations period. Our passing characterization of the policy's limitations period as "the statute of limitations" was incidental to the question involved and certainly not essential to our holding. Id. at 45, 516 S.E.2d at 218. Consequently, this language from Hitt Contracting is non-binding obiter dicta. See Herchenbach v. Commonwealth, 185 Va. 217, 221, 38 S.E.2d 328, 329 (1946) (statements "not essential" to the decision of the question involved "were mere dicta"); Harmon v. Peery, 145 Va. 578, 583, 134 S.E. 701, 702 (1926) ("Obiter dicta are such opinions uttered by the way, not upon the point or question pending, . . . as if turning aside . . . from the main topic of the case to collateral subjects." (citations and internal quotation marks omitted)).

## IV. CONCLUSION

For the foregoing reasons, we will reverse the judgment of the circuit court and enter final judgment for Allstate.

<u>Reversed and final judgment</u>.