UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Athey and Fulton
Argued at Lexington, Virginia

JOHN T. JENKINS, ET AL.

              MEMORANDUM OPINION* BY
v.   Record No. 0195-23-3      JUDGE GLEN A. HUFF
              DECEMBER 12, 2023

NATIONWIDE MUTUAL FIRE
 INSURANCE COMPANY

FROM THE CIRCUIT COURT OF SCOTT COUNTY
John C. Kilgore, Judge

   Terry G. Kilgore for appellants.

   Diane U. Montgomery (Midkiff, Muncie & Ross, P.C., on brief),
   for appellee.

   After suffering water damage to their home, John T. Jenkins and Karen D. Jenkins

("appellants") sought coverage for their losses under their homeowners' insurance policy with

Nationwide Mutual Fire Insurance Company ("Nationwide"). Following Nationwide's persistent

refusal to cover the damage, appellants filed suit in the Scott County Circuit Court (the "circuit

court"). They now appeal from the circuit court's final order granting Nationwide's plea in bar

and dismissal of the case. For the following reasons, this Court affirms the circuit court's

judgment.

---

   * This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

Appellants were the beneficiaries of a homeowners' insurance policy issued by

Nationwide when they suffered water damage to their home on October 30, 2014. They asserted

a claim against the policy, demanding that Nationwide cover the costs of the water damage.

Nationwide refused, and appellants filed a declaratory judgment action in the circuit court on

June 15, 2017, seeking coverage. Nationwide filed an answer and counterclaim on September 5,

2017, asserting a right "to rely upon any and all defenses, legal and equitable, and all other

defenses which may become known including contributory negligence, failure to mitigate, and

failure to report the alleged damages in accordance with the terms of [the insurance] policy."

Nationwide subsequently filed a motion to dismiss, alleging that appellants had failed to

timely file their action under the insurance policy's "two-year contractual limitation[s] period."[2]

Appellants did not file any response to the motion. After conducting a hearing on July 22, 2019,

the circuit court issued a letter opinion on October 15, 2019, denying Nationwide's motion to

dismiss.[3] Citing to Code § 8.01-235 and *Jones v. Jones*, 249 Va. 565 (1995), the circuit court

---

[1] This Court reviews a trial court's ruling on a plea in bar under one of two possible standards "depending on whether the plea's proponent elects to meet th[eir] burden by presenting evidence or relying on the pleadings." *Fines v. Rappahannock Area Cmty. Servs. Bd.*, 301 Va. 305, 312 (2022) (quoting *Massenburg v. City of Petersburg*, 298 Va. 212, 216 (2019)). Where, as here, "no evidence is taken in support of a plea in bar, the trial court, and the appellate court upon review, consider solely the pleadings in resolving the issue presented. In doing so, the facts stated in the plaintiff's [complaint] are deemed true." *Id.* (alteration in original) (quoting *Massenburg*, 298 Va. at 216). "This approach results in functionally de novo review of the trial court's judgment." *Id.* (quoting *Massenburg*, 298 Va. at 216).

[2] Nationwide appended a copy of the insurance policy to their motion. Page E3 of Section I in the policy includes a provision stating: "No action can be brought against [Nationwide] unless there has been full compliance with the policy provisions. Any action must be started within two years after the date of loss or damage."

[3] The record does not contain a transcript of the July 2019 hearing, but the circuit court's subsequent letter opinion describes appellants' arguments at the hearing as challenging the sufficiency of Nationwide's responsive pleading because it failed to specifically plead "the affirmative defense of statute of limitations."

held that Nationwide's "responsive pleading did not specifically allege that the action was time barred" because a "catch-all provision in an answer is not a specific pleading as required by Virginia statute and jurisprudence."[4]

Consequently, Nationwide filed a motion on January 3, 2020, seeking leave from the court to file an amended answer and counterclaim.[5] Appellants filed no response to either the motion or the amended answer. The circuit court entered an order on January 8, 2020, granting Nationwide's motion to amend "[f]or the reasons stated therein."[6] It also "accepted and filed"

---

[4] This Court notes, however, that the circuit court mistakenly applied the pleading requirements of Code § 8.01-235 to the contractual limitations period defense raised in Nationwide's motion to dismiss. Under that statute, an "objection that an action is not commenced within the limitation period prescribed by law can only be raised as an affirmative defense specifically set forth in a responsive pleading." Code § 8.01-235. By its plain language, Code § 8.01-235 applies only to a "limitation period prescribed by law," which does not include limitation periods created by contract. *Compare Jones*, 249 Va. at 571-72 (declining to address a statute of limitations argument that defendant failed to raise as an affirmative defense in a responsive pleading), *with Allstate Prop. & Cas. Ins. Co. v. Ploutis*, 290 Va. 226, 233 (2015) (recognizing "the essential difference between a contractual period of limitations and a statute of limitations" where the former "are incorporated into the terms and conditions of contracts into which parties have voluntarily entered").

The two-year contractual limitations period at issue here was an agreed-upon term in the parties' insurance contract, which was attached to Nationwide's initial pleadings. Accordingly, that limitations period is *contractual* in nature. But in denying Nationwide's motion to dismiss for failure to comply with Code § 8.01-235, the circuit court incorrectly treated the contractual limitations period as a *statutory* limitations period subject to the specific pleading requirements of Code § 8.01-235. Notwithstanding that conclusion, this Court finds that the best and narrowest grounds for resolving the instant appeal is appellants' failure to preserve their arguments on the record.

[5] Nationwide filed a copy of the amended answer and counterclaim along with its motion requesting leave to amend. Both filings were mailed to appellants' counsel on December 27, 2019.

[6] *See generally*, Rule 1:8 ("No amendments may be made to any pleading after it is filed save by leave of court. Leave to amend should be liberally granted in furtherance of the ends of justice."); *Kole v. City of Chesapeake*, 247 Va. 51, 57 (1994) ("Whether to grant an amendment is a matter resting within the sound discretion of the trial court."); Code § 8.01-6.1 (governing when the court may allow a party to amend a pleading to change or add a claim or defense against another party); *Ford Motor Co. v. Benitez*, 273 Va. 242, 252 (2007) ("[A] trial court's decision refusing leave to amend after a showing of good cause is, in ordinary circumstances, an abuse of discretion.").

the amended answer and counterclaim that Nationwide had attached to the motion.[7] *See* Rule 1:8 ("If the motion is granted, the amended pleading accompanying the motion will be deemed filed in the clerk's office as of the date of the court's order permitting such amendment."). Appellants' attorney signed the court's order as "[s]een [and] objected to" based on "[i]ssues already addressed in previous hearings." Appellants did not create a record, or append to the order a written list, specifying their objections to the court's ruling. Nor did they ever file a motion to reconsider.

Nationwide subsequently filed a plea in bar on August 24, 2020, arguing that appellants' claim should be dismissed as a matter of law for failure to comply with the two-year contractual limitations period stated in the insurance policy.[8] In both its amended answer and plea in bar, Nationwide alleged that the insurance policy allowed appellants "until October 30, 2016 to file suit against Nationwide for any alleged damages related to the 'water damage' that occurred 'on or about October 30, 2014.'" The circuit court held a hearing on the plea in bar on November

---

[7] The record contains a "Notice Of Hearing" filed by Nationwide on March 3, 2020, and served on appellants' attorney on February 28, 2020. It states that both parties "will appear" in the circuit court on April 15, 2020, "for argument" on Nationwide's motion to amend "that was previously filed . . . on January 3, 2020." However, the record contains no other reference to, or transcript from, any hearing on the previously filed, and granted, motion.

[8] Under Virginia law, pleas in bar "assert[] a single issue, which, if proved, creates a bar to a plaintiff's recovery." *Massenburg*, 298 Va. at 216 (quoting *Hawthorne v. VanMarter*, 279 Va. 566, 577 (2010)). "The issue raised by a plea in bar may be submitted to the circuit court for decision based on a discrete body of facts identified by the parties through their pleadings, or developed through the presentation of evidence supporting or opposing the plea." *Ferguson Enters., Inc. v. F.H. Furr Plumbing, Heating & Air Conditioning, Inc.*, 297 Va. 539, 549 (2019) (quoting *Hawthorne*, 279 Va. at 577). "There is no need to offer evidence at an evidentiary hearing on issues that involve disputes of law concerning undisputed facts alleged in a complaint." *Cal. Condo. Ass'n v. Peterson*, 301 Va. 14, 22-23 (2022).

23, 2020, after which it allowed both parties "to conduct additional briefing on the applicability of . . . and Nationwide's compliance with" Code § 8.01-235.[9]

The sole focus and point of contention in the parties' additional briefs was whether the contractual limitations argument that Nationwide raised in its amended answer satisfied the procedural requirements of Code § 8.01-235, which mandate that a statute of limitations affirmative defense "be 'specifically set forth in a responsive pleading[.]'" *Ferguson Enters., Inc. v. F.H. Furr Plumbing, Heating & Air Conditioning, Inc.*, 297 Va. 539, 550 (2019).[10] Appellants argued that the amended answer did not meet that criterion because Code § 8.01-235 "requires that these type of [limitation periods] defenses be raised at the outset of the case."[11] Referring to the circuit court's October 2019 letter opinion denying Nationwide's motion to dismiss, appellants also complained that "[i]t would be unfair for the defendant to get another bite at the apple and continue arguing the statute of limitations since the court has already ruled on the motion."[12]

---

[9] The record does not contain a transcript from the November 23, 2020 hearing.

[10] Code § 8.01-235 "is merely a procedural statute governing the manner of pleading statutes of limitation. . . . According to its plain terms, [Code] § 8.01-235 deals with the manner in which reliance on limitation periods must be asserted in responsive pleadings." *Harper v. City Council of Richmond*, 220 Va. 727, 737-38 (1980). The purpose of those rules is to provide plaintiffs with sufficient notice of specific defenses "so that surprise and prejudice at trial from late revelation of unanticipated legal theories is avoided." *Monahan v. Obici Med. Mgmt. Servs., Inc.*, 271 Va. 621, 632 (2006).

[11] In its reply brief, Nationwide argued that appellants' reading of Code § 8.01-235 "contradicts the actual language of [the statute]" and that "with the Court's acceptance and filing of the Amended Answer, Nationwide['s] original Answer has been superseded and no longer has any effect or bearing on this case." Nationwide then concluded that its amended answer "is a responsive pleading that properly pled a contractual limitations affirmative defense consistent with the plain language and intent of Virginia Code § 8.01-235."

[12] Appellants noted in the additional brief that they had previously objected to the circuit court granting Nationwide leave to file an amended answer. They did not, however, restate the reasons for that objection nor did they rely on such objection as the basis for asserting that Nationwide's amended answer was insufficient under the provisions of Code § 8.01-235.

However, as Nationwide pointed out in its reply brief, the circuit court's prior denial of the motion to dismiss was based on procedural grounds—that the original answer "failed to properly plead a contractual limitations affirmative defense" under Code § 8.01-235.[13] As a result, the circuit court had not yet made any "factual or legal determination[s] pertaining to the merits" of that defense. Nationwide argued that the amended answer "cured its procedural deficiency and . . . satisfie[d] the requirements of Virginia Code § 8.01-235," thus allowing the circuit court, "for the first time, [to] decide the merits of [the] contractual limitations affirmative defense."

After reviewing the parties' additional briefs, the circuit court issued a letter opinion on October 5, 2021, sustaining the plea in bar and dismissing appellants' claim. In doing so, it rejected appellants' assertion that the contractual limitations affirmative defense in Nationwide's amended answer was made "too late." Relying on "the plain language" of Code § 8.01-235, the circuit court instead held "there is no bar to the responsive pleading being an amended answer filed well into the development of a case." Accordingly, Nationwide's amended answer—a responsive pleading—satisfied the procedural requirements of Code § 8.01-235 by "specifically assert[ing] contractual limitations and statute of limitations defenses." And, having found no further procedural defect in Nationwide's affirmative defense pleadings, the circuit court determined that the two-year contractual limitations period precluded appellants from pursuing their current claim because they filed suit more than two years after the water damage had occurred.[14]

---

[13] *See supra* n.4 noting the circuit court's error in its prior ruling.

[14] The circuit court also noted that appellants "do not dispute th[e] time table" set forth in the plea in bar: "under the insurance contract, [appellants] had two years in which to file suit against [Nationwide] for alleged damages related to water damage that occurred on October 30, 2014. [Appellants] did not file suit until June 15, 2017."

On November 19, 2021, appellants filed a motion to set aside the October 5, 2021 decision on the ground that the circuit court had "previously made a ruling on the same issue." At the April 25, 2022 hearing on the motion, both parties essentially restated the previous arguments made in 2021 regarding whether the circuit court should grant Nationwide's plea in bar. Appellants again claimed that the court should not have granted the plea in bar because it had previously ruled against Nationwide on the merits of the contractual limitations defense in 2019.[15] Nationwide reasserted its argument that the denial of its 2019 motion to dismiss was based on a procedural defect in the original answer rather than a judgment on the merits of their contractual limitations defense. Neither party presented argument as to whether the circuit court had erred in allowing Nationwide to file an amended answer in the first place.

By order entered October 6, 2022, the circuit court denied appellants' motion to set aside the October 5, 2021 ruling.

This appeal followed.

ANALYSIS

Appellants argue the circuit court abused its discretion in allowing Nationwide to file an amended answer "after almost three years into the litigation" and after the court had already "denied a plea of statute of limitations pursuant to" Code § 8.01-235. Appellants allege that the 2019 letter opinion denying Nationwide's motion to dismiss under the defenses contained in the original answer was a judgment on the merits which precluded Nationwide from relying on a contractual limitations defense during the remainder of the litigation. Although appellants raised

---

[15] That argument centered on appellants' belief that the affirmative defense raised in Nationwide's amended answer was barred by the doctrine of res judicata because the court had already ruled on the merits of the defense when it denied Nationwide's motion to dismiss in 2019. Appellants did not assert that the court erred either by granting Nationwide's motion to amend or by accepting the amended answer itself.

- 7 -

this res judicata argument below, they did so only in connection with Nationwide's plea in bar, filed more than seven months after the circuit court accepted Nationwide's amended pleadings.[16]

Only now do appellants challenge the existence, rather than the substance, of Nationwide's amended answer, alleging for the first time on appeal that the circuit court erred in allowing Nationwide to amend its pleadings. And contrary to their assertion on appeal, appellants did not preserve any objections to that ruling or to the court's acceptance of the amended answer itself.[17] Therefore, this Court finds that appellants' assignment of error is procedurally defaulted.

Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." These dual requirements—contemporaneous objection and sufficient specificity—are designed "to ensure that any perceived error by the trial court is 'promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and

---

[16] This Court notes that res judicata principles do not fit the circumstances of this case because the circuit court's rulings on Nationwide's initial motion to dismiss and subsequent plea in bar resolved different discrete issues. Whereas the latter considered the merits of Nationwide's contractual limitations defense (i.e., whether appellants' complaint was timely filed pursuant to the terms of the insurance policy), the former assessed only whether Nationwide had properly pled the contractual limitations period as an affirmative defense under the procedural requirements of Code § 8.01-235.

This Court further reiterates, as noted above *supra* n.4, that the circuit court erred in its assessment of the applicability of Code § 8.01-235 by conflating the distinct defenses of statutory and contractual limitations periods. Although Nationwide alleged during oral argument that Code § 8.01-235 does not apply to *contractual* limitations periods defenses, neither party raised that issue in their appellate briefs. And a ruling on that matter has no bearing on this Court's determination that this appeal is defaulted on other procedural grounds.

[17] *See* Rule 5A:20(c)(1) ("Only assignments of error listed in the brief will be noticed by this Court."); Rule 5A:19(e) ("Attempts to incorporate arguments made below by reference to pleadings, motions, memorandum, or other filings are prohibited."); *See Banks v. Commonwealth*, 67 Va. App. 273, 289 (2017) (noting that an appellate court is "limited to reviewing the assignments of error presented by the litigant").

corrected when necessary.'" *Fox v. Fox*, 61 Va. App. 185, 201 (2012) (quoting *Brown v. Commonwealth*, 8 Va. App. 126, 131 (1989)). Otherwise, the trial court is deprived of "an opportunity to rule intelligently on the issues presented," *Brown v. Commonwealth*, 279 Va. 210, 217 (2010) (quoting *West v. Commonwealth*, 43 Va. App. 327, 337 (2004)), and "thereby prevent[] unnecessary appeals and retrials," *Hammer v. Commonwealth*, 74 Va. App. 225, 236 (2022) (quoting *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015)).

Accordingly, this Court will not consider issues raised for the first time on appeal. *See Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) ("The burden is upon the appellant to provide [this Court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." (second alteration in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007))). The record here does not demonstrate that appellants properly preserved their current challenge to the circuit court's order granting Nationwide leave to file an amended answer.[18] *See Browning v. Browning*, 68 Va. App. 19, 26-27 (2017) ("[A]n appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief . . . . We may act only upon facts contained in the record." (quoting *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993))).

At the outset, appellants claim they preserved their appellate argument via written objection to the court's 2020 order granting Nationwide leave to amend. That "written objection," however, consisted of only the following sentence from appellants' attorney: "Seen + objected to: Issues already addressed in previous hearings." "[E]ndorsing a decree 'seen and objected to' does not preserve an issue for appeal unless the record further reveals that the issue

---

[18] "When the assignment of error was not preserved in the trial court, counsel must state why the good cause and/or ends of justice exceptions to Rule 5A:18 are applicable." Rule 5A:20(e). Appellants have not done so here, and this Court will not raise the exceptions sua sponte. *See Hogle v. Commonwealth*, 75 Va. App. 743, 756 (2022).

was properly raised for consideration by the trial court." *Twardy v. Twardy*, 14 Va. App. 651, 657 (1992) (en banc); *see also Canales v. Torres Orellana*, 67 Va. App. 759, 771 (2017).

The record here contains no further information as to the specifics of the "issues" nor have appellants included the transcripts, or a written statement of facts in lieu thereof, from any previous hearings.[19]  *Compare Browning*, 68 Va. App. at 26 ("If the transcript is not part of the record on appeal, we cannot consider it or any references to it[.]"), *with Moncrief v. Div. of Child Support Enf't ex rel. Joyner*, 60 Va. App. 721, 727-30 (2012) (holding that an appellant did not waive issues by endorsing a final order "Seen and Objected to . . . for the reasons stated in oral argument" *where the record reflected* that he presented the trial court with the same arguments subsequently raised on appeal).

Furthermore, appellants filed no response to Nationwide's motion for leave to amend its answer, nor did appellants file any objection to the amended answer itself.  Likewise, appellants did not append a list of written objections to the circuit court's order granting Nationwide's request, nor did they file any motions for reconsideration of the court's ruling.  And none of the arguments appellants raised when objecting to the subsequent plea in bar—including their motion to set aside the October 2021 letter opinion sustaining the plea and dismissing the case—incorporated any specific claims that the circuit court erred in previously allowing Nationwide to file an amended answer.  As a result, this Court cannot conclude that the arguments appellants raise on appeal are the same as any objections previously raised on this subject in the circuit

---

[19] This Court also notes that the previous June 2019 hearing solely addressed Nationwide's motion to dismiss based on its initial answer.  It was only after the circuit court dismissed that motion—for failure to specifically plead a contractual limitations argument as an affirmative defense—that Nationwide sought leave to amend its answer.  Consequently, this Court is not convinced that a transcript of that hearing would shed any further light on the "issues" appellants referenced on the January 2020 order.

court.[20]  *See Browning*, 68 Va. App. at 25 ("[T]he failure to present a complete record upon which this Court can make an effective determination of the issues may bar our consideration of a party's assigned errors.").

In sum, appellants failed to include in the record their initial objections to the amended answer, and they neither renewed nor restated any such specific arguments during the remainder of the litigation, despite having multiple opportunities to do so at subsequent hearings, and in additional briefing, regarding the contractual limitations plea in bar.[21]  And rather than assigning error on appeal to either the circuit court's October 2021 letter opinion sustaining Nationwide's plea in bar or the court's October 2022 order denying appellants' motion to set aside the prior ruling on the plea in bar, appellants instead argue only that the circuit court erred in 2020 when it

---

[20] "[I]f a trial court is aware of a litigant's legal position[,] and the litigant did not expressly waive such arguments, the arguments remain preserved for appeal." *Brown*, 279 Va. at 217; *see also* Code § 8.01-384(A).  Here, however, the record does not demonstrate that appellants properly raised for the circuit court's consideration the arguments they now make on appeal.  *See Twardy*, 14 Va. App. at 657.  Indeed, the circuit court issued no ruling in which it articulated and subsequently denied the specific arguments appellants raise here regarding the court's granting of Nationwide's motion to amend its answer.

[21] The arguments made in the parties' pre-hearing and post-hearing briefs regarding Nationwide's plea in bar primarily address the applicability of Code § 8.01-235 and whether Nationwide's amended answer complies with the requirements of that statute.  As a result, this Court finds it unlikely that a transcript of either the November 2020 hearing on the plea in bar or the April 2022 hearing on appellants' motion to set aside would demonstrate preservation of the arguments raised on appeal.

However, to the extent the substance of those hearings would show that appellants properly preserved their appellate arguments, a transcript a written or statement of facts of those proceedings is indispensable for resolution of this appeal on the merits.  Therefore, appellants' failure to provide such transcripts, or written statements of facts in lieu thereof, serves as a further procedural bar to consideration of their assignment of error.  *See* Rule 5A:8(b)(4)(ii) ("When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered."); *see also Veldhuis as Tr. of Nancy C. Veldhuis Revocable Living Tr. v. Abboushi*, 77 Va. App. 599, 606-07 (2023) (holding that when a transcript "is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to" (alteration in original) (quoting *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012))).

permitted Nationwide to amend its answer. Because the record does not support a finding by this Court that appellants' assignment of error was properly preserved below, Rule 5A:18 renders the appeal procedurally defaulted.

CONCLUSION

Appellants' sole contention on appeal was that the circuit court erred in allowing Nationwide to amend its answer in 2020 to include a specifically pled contractual limitations affirmative defense, upon which the circuit court subsequently relied in granting Nationwide's plea in bar. Appellants' failure to include in the record any specific written or oral exceptions noted to that 2020 order is fatal to this appeal because the record does not demonstrate that appellants' assignment of error was properly preserved. As such, this Court finds the appeal procedurally barred under Rule 5A:18 and thus affirms the judgment of the circuit court.

*Affirmed.*